## 53894. ADAMS v. THE STATE.

WEBB, Judge.

The accused was convicted of burglarizing a gasoline service station in Jonesboro, possessing a firearm during the commission of the crime of burglary, concealing the identity of a motor vehicle, and on four counts of credit card theft. He was sentenced to prison for terms of 10 years on the burglary count, 5 years on the firearm possession to run consecutive to the sentence on the first count, 2 years on concealing the identity of a motor vehicle to run concurrently with the sentences on the first two counts, and on the four counts of credit card theft 1 year on each, to run concurrently with the sentences on the first three counts, for a total of 15 years. His motion for a new trial was overruled, and on his appeal to this court he enumerates 19 alleged errors.

1. No substantial argument or citation of authority has been made to support the contentions enumerated as errors Nos. 3, 5, 7, 8, 10, 11, 12, 13, 14, 15, 16 and 17 and these will be considered as abandoned. Rule 18 (c) (2) of this court (Code Ann. § 24-3618 (c) (2); *Peluso v. State,* 139 Ga. App. 433 (1) (228 SE2d 395) (1976)). The other seven are considered in the order of their presentation.

2. The accused asserts as error number 1 the court's

previously decided and not disturb what is settled." *Mitchell v. State,* 239 Ga. 3 (1977).

overruling of his objection to the testimony wherein James Cook, whose place was burglarized, said that "We have a lot of theft, you know, batteries and things like that every weekend; a lot of cars parked around there." That was preceded by the statement "[W]e keep a fleet of garbage trucks. . ." The district attorney said the statement was made to explain why Mr. Cook had gone back to his place of business and why his suspicions were aroused upon the sight of a strange car parked where it was not supposed to be.

Evidence which otherwise may be inadmissible in some instances becomes admissible in order to explain conduct. *Foster v. State,* 72 Ga. App. 237 (2a) (33 SE2d 598) (1945); *Hodnett v. Hodnett,* 99 Ga. App. 565, 567 (109 SE2d 285) (1959). The instant case is distinguishable from *Watson v. State,* 137 Ga. App. 530 (224 SE2d 446) (1976), cited by the accused, because here the witness was simply explaining why he happened to be there at a particular time when his station was closed. Furthermore, the prosecuting attorney stated to the court in the jury's presence that "We don't contend or intend to indicate to the Jury that these crimes [theft of batteries and things] in any way, shape, form or fashion connect with the two defendants here on trial." We find no merit in this enumerated error.

3. Charged as error number 2 was the court's overruling accused's motion to strike Cook's in-court identification of the accused. Within one hour after the burglary a police officer returned to the gasoline station with Adams and asked Cook if Adams was one of the persons he saw, and Cook replied "Yes, that's the one I saw." Cook had observed the accused under excellent lighting conditions through a plate glass window from about 15 feet away, had reason to remember him as the person who fired upon him, and saw him as he made his flight. Cook's in-court identification of Adams was based upon his view of the accused at the scene of the crime and was not impermissibly tainted. *Blackwell v. State,* 139 Ga. App. 477, 478 (2) (228 SE2d 612) (1976).

4. Assigned as error number 4 was the trial court's permitting testimony that the tag number was BPL-656, "since the tag itself would have been the highest and best

evidence of the number." Accused cites Code Ann. §§ 38-203 and 38-205. The tag was a metal plate with numbers thereon. "[T]he best evidence rule applies only to the contents of a writing. The rule does not require that chattels be introduced in evidence." *Hill v. State,* 221 Ga. 65, 67 (7) (142 SE2d 909) (1965); *Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976). Code Ann. § 38-203 has no application to the proof required to convict an accused of a criminal offense. *Young v. State,* 226 Ga. 553, 557 (6) (176 SE2d 52) (1970).

5. Likewise, there is no merit in alleged error number 6 asserting that no proper foundation had been laid for introduction into evidence of a blown-up photograph of fingerprints. The amount of evidence required for identification of a photograph as a true and accurate representation of what it depicts is left within the discretion of the trial court. *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468) (1974). The witness testified that he took the photographs, did all the work, blew them up, made up the chart, and that they were photographs of Adams' fingerprints.

6. The trial court, in response to an objection to the admissibility of an exhibit, said: "Well, I could hardly say that's irrelevant and immaterial. *I think that's for the jury to determine* and as I understand it was found in his automobile near a place that was burglarized, with his name on it, and if it represents any circumstance in the case *it would be for the jury to determine.*" (Emphasis supplied.) Thereupon, accused moved for a mistrial, and the overruling of that motion is assigned as error number 9. Counsel for the accused argues that the trial judge thus made statements of fact which were matters for the jury. We see no expression of opinion in the trial judge's remarks or any improper judicial conduct. *Miller v. State,* 122 Ga. App. 553, 554 (3) (177 SE2d 838) (1970).

7. Enumerated as error 18 is the contention that in the pre-sentence hearing the trial court improperly considered two convictions, one in DeKalb Superior Court in 1972 for the possession of heroin and the other by that court in 1975 for burglary and carrying a loaded 12-gauge sawed-off shotgun, "there having been no certified copy of such convictions introduced into evidence" by the state.

This enumeration possibly falls within the same category of those enumerations referred to in Division 1 hereinabove, there being no citation of authority, other than Code Ann. § 27-2503 (a), and no substantial argument.

The state asserts that there was no error in the sentencing because the trial court gave the accused an opportunity to respond to those matters and no objection was made or continuance requested in order to answer them.

There is no transcript of the pre-sentence hearing, and where consideration of the errors enumerated is dependent on the transcript of evidence and proceedings, insofar as this enumeration is concerned this court has nothing to review without such transcript. *Brown v. State,* 223 Ga. 540, 541 (2) (156 SE2d 454) (1967); *Rucker v. State,* 133 Ga. App. 180 (2) (210 SE2d 365) (1974).

We do point out that "the purpose of Code Ann. § 27-2503 (a) is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." *Herring v. State,* 238 Ga. 288, 290 (232 SE2d 826) (1977). If no objection is made at the pre-sentence hearing, a subsequent review by this court of that phase is eliminated. *Strozier v. State,* 231 Ga. 140, 142 (200 SE2d 762) (1973).

8. Enumerated error 19 is but an assertion of the general grounds, and there was no argument or citation of authority. Even so, we find that the evidence was sufficient to authorize the verdict, and this enumeration is without merit. *Ridley v. State,* 236 Ga. 147, 148 (1) (223 SE2d 131) (1976); *Brooks v. State,* 141 Ga. App. 725 (12) (1977).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 9, 1977.

*Watson, Brown, Foster & Keller, George T. Brown, Jr.,* for appellant.

*William H. Ison, District Attorney, Clarence Leathers, Jr., Michael D. Anderson, Assistant District Attorneys,* for appellee.