*Richard A. Larson,* for appellee.

### 58987. LAWS v. THE STATE.

BIRDSONG, Judge.

David Franklin Laws was convicted of a violation of the Controlled Substances Act by selling marijuana to an undercover police officer. He was sentenced to three years probation provided he pay a fine of $1,000, and spend twelve weekends in jail. His timely motion for new trial was denied. He brings this appeal enumerating error on the general grounds and on the special ground that the trial court erred in denying his motion for mistrial based upon the testimony of state's witnesses putting his character into issue by adverting to an uncharged possession of marijuana occurring two weeks after the sale. *Held:*

1. The principal issue in this case relates to identity. The jury was warranted in believing that on July 26, 1978, a police officer acting as an undercover agent went to a location known as a notorious drug outlet. The officer was looking for a particular person. Several persons, including appellant Laws, were asked if that suspect was about. Laws did not know the whereabouts of the suspect but asked if he (Laws) could help. When told by the officer that he wanted to purchase some marijuana, Laws volunteered to sell marijuana at $4 a bag rather than the usual $5 asking price. The officer purchased two bags. These were turned over to the crime lab for analysis and proved to be marijuana. The officer was positive in his identification that the appellant was the person who sold the two bags of marijuana. In his defense, appellant denied the sale or being present when the sale took place. He offered evidence in the nature of an alibi.

After a jury has returned a verdict of guilty and the defendant seeks a reversal of his conviction by arguing that the trial court erred in failing to grant a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). It is the function of the jury,

not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). Under the facts of this case, we are satisfied that any rational trier of fact reasonably could have found proof of the essential elements of the crime charged beyond reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The first three enumerations of error based upon the general grounds are without merit.

2. In his last enumeration of error, Laws argues that it was error to allow police officers to testify that about two weeks after the sale, they were at the same location as was the earlier sale. They saw Laws outside a convenience store and observed Laws make what appeared to be a hasty retreat into the store. The officers followed Laws into the store and observed him drop two bags to the floor in the back part of the store. Laws was arrested "for possession of marijuana." Upon objection and motion for mistrial, the trial court gave a lengthy and detailed instruction to the jury charging them to disregard the evidence of the purpose of the arrest or the characterization of the bags as containing marijuana. The officers were authorized to testify that appellant was seen dropping two bags containing a green leafy vegetable substance and that he (Laws) was taken into custody and a picture taken of Laws. This picture was shown to the officer who had made the purchase two weeks earlier and that officer, by that picture, was, for the first time, enabled to put a name to the person from whom the purchase had been made.

We are satisfied that the disputed evidence was admissible for either of two reasons. Evidence of other offenses of a similar nature may be admitted in criminal prosecutions for the purpose of identifying the accused and for the purpose of showing a common motive, plan, scheme, bent of mind or course of conduct. *Thomas v. State,* 234 Ga. 635 (1) (217 SE2d 152); *Rivers v. State,* 147 Ga. App. 19 (1) (248 SE2d 31). Though appellant argues

that possession is not similar to sale, we reject that argument as specious. The facts show that the same accused was involved in apparent marijuana transactions, the same premises was involved, the substance was being packaged in the same way, and the two transactions were only two weeks apart. Because the main issue in this case was identity, we conclude that the evidence was properly admitted to help establish identity and course of conduct. The relevance of the testimony outweighs any prejudice it might cause. Moreover, any residual prejudice was attenuated to the point of harmlessness by the subsequent charge and direction of the court to the jury to consider the evidence only insofar as it tended to show identity or course of conduct. *Lee v. State,* 239 Ga. 769, 774 (4, 5) (238 SE2d 852); *Hudson v. State,* 237 Ga. 443 (228 SE2d 834); *Gordy v. State,* 236 Ga. 723 (225 SE2d 287). This enumeration lacks merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED JANUARY 24, 1980.

*Vernon S. Pitts, Jr., Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.