## 60960. JACKSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of rape. Defendant appeals. *Held:*

1. Code Ann. § 26-2001 (Ga. L. 1968, pp. 1249, 1299; 1978, p. 3) provides in part that "[a] person commits rape when he has carnal knowledge of a female, forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ . . ." Defendant contends that there is no evidence of any penetration of the female sex organ of the victim by his male sex organ.

The state's evidence was that the defendant forced himself upon the victim against her will on two occasions on the same date. The victim testified that as to the first occasion, "[h]e tried to put his male sex organ into my female sex organ. He didn't do that, because I'm a virgin and he couldn't get through. He kept trying and everything, hugging and kissing me." As to the second occasion, the victim testified "he comes back in there . . . tries to put his male sex organ into my female sex organ, but it doesn't work. He calls out to his friend [who was present] 'man, you done brought me a virgin' . . . [and] . . . he still tries to get all through to me and everything, but he doesn't." Although less than totally explicit, this testimony could be interpreted by a reasonable and rational trier of fact as the statement that defendant's male sex organ penetrated until restrained by the victim's hymen. In such case the antecedent penetration of the anterior of the victim's sex organ known as the vulva or labia was sufficient to satisfy the statutory requirement. The penetration of the female sex organ by the sex organ of the male need be only slight to constitute rape. There is no requirement that the vagina be entered or the hymen ruptured, in order to come within the purview of the penetration standard set forth in the rape statute. *Lee v. State,* 197 Ga. 123 (1) (28 SE2d 465); *Payne v. State,* 231 Ga. 755 (1) (204 SE2d 128).

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of rape. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499); *Gilmore v. State,* 246 Ga. 245 (271 SE2d 171).

2. The trial court charged the jury in the language of Code Ann. § 26-2001, supra. The language of the statute that "any penetration of the female sex organ by the male sex organ" constitutes carnal knowledge is a sufficient and proper standard for submission to the

jury. "Any penetration" is a phrase in common usage and therefore required no further definition. *Anderson v. State,* 226 Ga. 35, 36 (2) (172 SE2d 424).

3. The state's evidence indicated that the victim was abducted from a parking lot near Underground Atlanta in defendant's automobile. On cross examination of the defendant the state sought to elicit evidence that the defendant had never had the title to the automobile in question, which he admittedly owned, transferred to himself upon the records of the State Motor Vehicle Department. Defense counsel objected to this line of questioning as irrelevant and contended that the assistant district attorney was attempting to accuse defendant of a criminal offense, the theft of the automobile. The assistant district attorney responded that the evidence was material to show a concealment of defendant's ownership of the automobile. The trial judge overruled defense counsel's objection and motion for mistrial.

Defendant enumerates as error the denial of his motion for mistrial and contends before this court that his character has been placed in evidence by the implication that he was concealing the identity of the ownership of the automobile for criminal purposes and repeats his contentions first raised in the trial court that the evidence infers that defendant was a car thief and is irrelevant to the issues in the case sub judice.

The state responds that the evidence of defendant's ownership of the automobile is relevant to establishing defendant's identity.

We agree that the defendant's ownership of the vehicle which was parked at the scene of the victim's abduction, later seen near the scene of the crime and impounded, is relevant and material to the issue of defendant's identity. Likewise, if the defendant had avoided registration of the vehicle in his name in order to conceal his identity, this fact would also be relevant and material. Insofar as this line of inquiry had proceeded prior to defendant's objections we find no impermissible comment by the assistant district attorney and no abuse of the discretion of the trial court in its allowing this cross examination of the defendant. Although the scope of the cross examination is not unlimited every party has a right to a thorough and sifting cross examination of opposing witnesses the scope of which examination rests largely within the discretion of the trial judge. We find no abuse of this discretion in the case sub judice. *Davis v. State,* 230 Ga. 902, 904 (3) (199 SE2d 779).

4. The victim testified that she had been slapped by the defendant. On cross examination of the defendant the assistant district attorney inquired of the defendant if he was in the habit of slapping girls. Defense counsel objected to this line of questioning as

irrelevant and immaterial and an inference that defendant had committed previous criminal acts. Defense counsel's objection was overruled and the assistant district attorney was allowed to elicit defendant's testimony in regard to an incident with a former girl friend in which he had "pushed her across the face." The testimony elicited was relevant to the issues before the jury even though incidentally referred to criminal conduct and was admissible as it showed defendant's identity, bent of mind and course of conduct. *Overton v. State,* 230 Ga. 830, 834-835 (4) (199 SE2d 205); *Clary v. State,* 151 Ga. App. 301, 303 (3) (259 SE2d 697).

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED JANUARY 9, 1981 —
REHEARING DENIED FEBRUARY 20, 1981.

*J. Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, H. Allen Moye, Assistant District Attorneys,* for appellee.