61861. JONES v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for robbery by force. *Held:*

1. The first enumeration claims the victim did not sufficiently identify the defendant, which we treat as raising the general grounds. Our review of the evidence finds it amply sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The third enumeration complains that the trial court's limiting instruction concerning evidence of another offense not charged was prejudicial. Since the defendant agreed that the limiting instruction be given (to which no objection was made at trial) it cannot be raised as an issue on appeal. *Edwards v. State,* 235 Ga. 603 (2) (221 SE2d 28).

Although not explicitly enumerated as error, we address the argument on this enumeration that the admission of the evidence of the other crime was error.

The state's evidence showed that the defendant entered the victim's apartment without authority and took money from the victim by force. The victim began calling for help and defendant left. Two women in a nearby apartment heard his calls, looked out of the back of their apartment and saw defendant emerge from the victim's apartment bathroom window and run off. The women gave chase, unsuccessfully, and returned to their apartment in about ten minutes. One of the women testified that as they came back to the apartment she observed defendant running away again, this time carrying both women's purses which had been left in the unattended apartment. Defendant's objection and motion for mistrial because of the admission of this testimony were denied. With defense agreement, the trial court instructed the jury limiting their consideration of the evidence of the purse taking to that of determining the motive, scheme, plan, design or state of mind of the defendant.

Defendant argues that it was error to admit the evidence because it was evidence of a different kind of crime and was significantly separated in time from the offense being tried.

We find no error. Although the crime charged was robbery and

the taking of the purses was either larceny or burglary, the factual circumstances of the incidents were completely similar as both involved the unauthorized entry of apartments and the taking of property of others in the same vicinity and about the same time. This similarity was sufficient to authorize the admission of the evidence as it tended to prove the commission of the offense charged by showing the identity, motive, plan, scheme, bent of mind, and course of conduct of the defendant. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321).

3. The remaining two enumerations are not meritorious.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 20, 1981.

*Audrey Biloon,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.