## 38766. BURDEN v. THE STATE.

WELTNER, Justice.

This is a death penalty case involving four murders. On the evening of August 15 and morning of August 16, 1974, four bodies were recovered from Smith's Pond in Washington County, identified as Louise Wynn and her three children, ages 2, 3 and 4. The autopsies revealed that Louise Wynn died from multiple blows to the head; that Marvin, age 4, and James, age 2, died from drowning; and that Melinda, age 3, died from strangulation. Louise was clothed only in an undergarment and a dress torn in half. The crime scene revealed an area of disturbed pine straw, possibly evidencing a struggle. Investigators also discovered there an automobile lug wrench with what appeared to be bloodstains.

After extensive investigation, law enforcement officials were unable to fix upon a suspect, and the case was placed in the unsolved file some two years later. In late 1981, Henry Lee Dixon, a nephew of Burden, came forward with information leading to the arrest and indictment of this defendant.

Burden was found guilty on all four counts of a murder indictment. The jury then imposed four death penalties, finding that each murder was committed while in the commission of another capital felony, specifically, another of the murders.

1. Burden contends in enumerations of error 1, 2, 3 and 4 that the evidence was insufficient to support the verdicts of guilty as to each count.

Henry Lee Dixon testified that on August 13, 1974, Burden came

to his house and asked to ride to town with him. He then directed Dixon to a liquor store where Burden purchased a case of beer and some liquor. Burden next directed Dixon to drive to Louise Wynn's house. Burden, who had been drinking heavily all the while, went into the house, and after about 15 minutes returned with two older children, followed by Louise Wynn, who was carrying a baby. Burden told Dixon to drive, while he continued to drink, kissing and hugging Louise Wynn in the back seat. Dixon was then directed to stop along a dirt road leading to Smith's Pond, where Burden and the four victims got out of the car. Burden took from his car a shotgun, fishing poles and bait, and told Dixon to return later to pick them up. When Dixon returned he saw Burden walking down the road, he stopped and asked where the others were. Burden first said that Louise became angry and had gone to her mother's house. After Dixon wanted to go and get Louise Wynn, Burden said "he had [messed] up," that she "didn't act right" and he "hit her side the head with something" and that "she fell in the pond or he throwed her in the pond one." Dixon then asked about the children, and Burden replied, "I reckon I damn well know where they are at, too." When Dixon suggested going back to the pond, Burden threatened him with a shotgun if he ever related the event to anyone.

The day after the bodies were discovered, Burden broke a pool cue over Dixon's head when he saw him talking with others, and again warned him not to mention the events of Tuesday.

Several witnesses testified that Burden and Louise Wynn were keeping social company with each other, having seen them together at various places just prior to Louise Wynn's death.

Two other witnesses testified as to physical assaults and attempted sexual assaults made upon them by Burden at times when he had been drinking. One such witness attributed to Burden the threat: "[H]e told me that he was going to throw me in a pond like he did somebody else."

This evidence was sufficient to convince any rational trier of fact beyond a reasonable doubt that the defendant was guilty of the offenses charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no merit in these enumerations of error.

2. In enumerations of error 4 and 5 Burden contends that the trial court erred in admitting testimony of other crimes over objection.

In *French v. State,* 237 Ga. 620 (3) (229 SE2d 410) (1976), two conditions were set out for the admission of independent crimes: First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime

and the offense charged, that proof of the former tends to prove the latter.

Burden concedes the first condition, but contends that because the events involved aggravated assault rather than murder and occurred at the victim's residence rather than in an isolated area, they were not similar transactions.

It is the State's contention that Burden had been drinking heavily on each occasion, that he demanded the victims have sexual intercourse with him, and upon being rebuffed, became violent. The two transactions were sufficiently similar to show identity, motive, plan, scheme, bent of mind and course of conduct, and the trial court did not err in admitting testimony concerning them. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980).

3. Enumeration of error 7 contends the trial court erred in its charge on the presumption of innocence, and in refusing to give Burden's written request.

The charge as given fully covered the subject matter contained in the request, and the failure to charge in the exact language requested was not error. *McClendon v. State,* 231 Ga. 47 (199 SE2d 904) (1973); *Mason v. State,* 236 Ga. 46 (5) (222 SE2d 339) (1976); *Nelson v. State,* 247 Ga. 172 (12) (274 SE2d 317) (1981).

4. Burden contends in his eighth enumeration of error that the trial court erred in failing to give his requested charge that an aggravating circumstance based upon circumstantial evidence cannot be used as a basis for imposing the death penalty. Such is not the law, and there was no error in failing to give the request. See *Douthit v. State,* 239 Ga. 81 (6) (235 SE2d 493) (1977); *Blake v. State,* 239 Ga. 292 (2) (236 SE2d 637) (1977) and *Nelson v. State,* 247 Ga. 172 (15), supra.

5. This case was tried under the Georgia Unified Appeal Procedure. Except as noted in the sentence review, infra, we find, from our review of the entire record, no matters to be addressed other than those enumerated as error by the defendant.

### Sentence Review

The jury recommended the sentence of death for each of the four murders. The aggravating circumstances found by the jury in support thereof may be summarized as follows: The murders of the three children occurred while the defendant was engaged in the commission of another capital felony, the murder of Louise Wynn; the murder of Louise Wynn occurred while the defendant was engaged in the commission of other capital felonies, the murders of the three children.

6. The imposition of the death penalty for each of the murders

of the three children may be supported by the aggravating circumstance that each was committed during the murder of Louise Wynn. *Strickland v. State,* 247 Ga. 219 (23) (275 SE2d 29) (1981); *Peek v. State,* 239 Ga. 422, 429 (238 SE2d 12) (1977). But, in these circumstances, the doctrine of "mutually supporting aggravating circumstances" precludes reciprocal use of the murders of the three children as aggravating circumstances to support the imposition of the death penalty for the murder of Louise Wynn. *Waters v. State,* 248 Ga. 355, 368 (12) (283 SE2d 238) (1981); *Godfrey v. State,* 248 Ga. 616, 624-25 (284 SE2d 422) (1981). The death penalty for the murder of Louise Wynn therefore is set aside, and the case remanded for resentencing.

7. The evidence supports the jury's finding that the murders of the three children were committed while the defendant was engaged in the commission of the murder of Louise Wynn. Code Ann. § 27-2534.1 (c); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

8. We conclude that the sentences of death for the murders of Marvin Wynn, James Wynn and Melinda Wynn were not imposed under the influence of passion, prejudice, or other arbitrary factor.

9. The similar cases listed in the Appendix warrant the upholding of the death penalty in this case. Our review shows that juries generally find that the death penalty is an appropriate punishment where an adult is found to have been the actual perpetrator of or active participant in multiple murders committed upon victims who are unrelated to the murderer. Here, the evidence showed that Burden killed *four* people, three being very young children.

We note, also, that in no case appealed to this Court since January 1, 1970, has a defendant convicted in one case of murdering more than three victims received less than a death sentence. We conclude that the sentences of death in this case are neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

*Judgment affirmed in part; reversed in part; remanded with direction. All the Justices concur, except Bell, J., not participating.*

DECIDED NOVEMBER 16, 1982.

*Michael J. Moses,* for appellant.
*H. Reginald Thompson, District Attorney, Richard A. Malone, William H. McClain, Assistant District Attorneys, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.

APPENDIX.

*Pass v. State,* 227 Ga. 730 (182 SE2d 779) (1971); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978); *Holton v. State,* 243 Ga. 312 (253 SE2d 736) (1979); *Waters v. State,* 248 Ga. 355 (283 SE2d 238) (1981); *Mathis v. State,* 249 Ga. 454 (291 SE2d 489) (1982); *Rivers v. State,* 250 Ga. 288 (—— SE2d ——) (1982); *Rivers v. State,* 250 Ga. 303 (—— SE2d ——) (1982).