## 39970. HATCHER v. THE STATE.

HILL, Chief Justice.

Floyd Gene Hatcher was indicted, tried and convicted for the murder by drowning of his stepfather, Charles Mercer. He received a life sentence and appeals.

Evidence was presented at trial that the defendant and the victim were together on the afternoon of October 12, 1982, and that the two were drinking and arguing. Several witnesses saw the defendant beat the victim about the face and head. The defendant's sister and her husband testified that the defendant hit the victim several times while riding with them in the car and requested that the car be stopped on the Ochlochnee River so he could throw the victim over the bridge into the water. Upon reaching home, the two continued to fight until the defendant pushed the victim into the car and drove away. They were later seen arguing while buying beer, after which the defendant again pushed the victim into the car.

Kevin Overholt testified that about 6:00 p.m., the defendant drove to his home about half a mile from the Roup River Bridge over the Little Ochlochnee River and stated that his stepfather was drowning and needed help. The defendant then went to the police

station and got two police officers, but efforts to revive the victim were unsuccessful. Beer cans were found on the river bank. The area of the river where the body was found was calm, still and only four feet deep. The victim was wearing his boots and had cigarettes and matches in his pocket.

The defendant made three statements to police, the voluntariness of which was stipulated. In each statement, the defendant said that he and the victim were sitting on the river bank drinking when the victim decided to go for a swim, that the victim went under, and that the defendant made four to eight attempts to find him before going for help. His statements differed only as to the route taken by the victim during his swim.

However, the defendant told his brother-in-law and a friend that he made a mistake by not taking the victim's boots off and said to his brother-in-law that he had "jerked [the victim] up by the hair of the head and took him out in the middle of the creek and held him by his ears till he drowned." The victim had a blood alcohol level of .34 when he died.

At trial, the defendant admitted he and the victim had been drinking and had argued that day, and he acknowledged from the evidence presented he must have beaten the victim, but contended that he had not drowned or murdered him. On appeal he enumerates two errors.

1. The first enumeration of error encompasses the responses to two questions which the defendant claims detrimentally placed his character in issue. The first response was elicited from a witness by defense counsel, who asked: "Has [the defendant] ever done you wrong?" The witness said: "One incidence I'd say he did. Nothing big. I went on his bond and he left me holding his bond." Defense counsel then made a motion for mistrial, which the trial court denied on the ground that the bond had not been identified as a criminal bond and no harm had accrued to the defendant. The defendant declined the trial court's offer to instruct the jury to ignore the response to the question. We find no abuse of discretion in denying the defendant's motion for mistrial.

The second incident complained of occurred when the assistant district attorney asked the defendant upon cross-examination: "Where does Glen Davis work?" The defendant answered: "Probation office." Defense counsel again moved for a mistrial, but the trial court denied the request.

Glen Davis had testified earlier and had made it clear that he had seen the defendant in Davis' office on a regular basis in the course of his work. However, Davis' testimony had been circumscribed so as not to reveal the nature of his work or the reason the defendant came

to his office. The assistant district attorney was aware that Davis was a probation officer and was aware that Davis' testimony had been controlled so as not to reveal that the defendant had been reporting to his probation officer. The question by the assistant district attorney, innocuous on its face, was unquestionably inappropriate and impermissible in the context of the evidence because the jury must have realized that the defendant had committed other crimes. See *Perry v. State,* 154 Ga. App. 559, 560 (269 SE2d 63) (1980).

We hold, however, that the error, although avoidable, was harmless. In light of the overwhelming evidence presented, it is "'highly probable that the error did not contribute to the judgment.'" *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976). This enumeration of error thus presents no ground for requiring a new trial.

2. The trial court did not err in instructing the jury as to the law on voluntary intoxication, OCGA § 16-3-4 (Code Ann. § 26-704), without request.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Loftiss & Van Heiningen, Walter E. Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.