## 74498. BROWN v. THE STATE.
(359 SE2d 233)

BIRDSONG, Chief Judge.

Ira L. Brown, the defendant, appeals his conviction of two counts of sale of marijuana. On August 17, 1985, Mark Stewart, a special agent of the GBI, while conducting an undercover investigation in Thomasville, Georgia, purchased a package of marijuana from defendant Brown, while in the company of Special Agent Al Evans, GBI. Evans was passing through the same area on August 22, 1985, and met Brown. He made another purchase of marijuana. Both bags of marijuana tested positive in tests conducted at the Georgia Crime Lab. The State also introduced evidence of a similar transaction. On October 11, 1985, David Hufstetler, Commander of the Thomasville-Thomas County Drug Squad, saw Brown and a companion run across the road to a pickup truck in the same area where the two GBI agents said they had made their purchases from Brown. When Brown saw Officer Hufstetler, he threw a package across the pickup truck into the ditch. The package was retrieved by Hufstetler and it was a $10 package of marijuana. When the officer turned around, Brown was gone. The officer told a friend of Brown's to have Brown call him. Brown called and agreed to meet with the officer. At that meeting, Brown told him: "if I promise you that I'll quit selling reefer and get a job, will you not arrest me?" Officer Hufstetler declined the offer and arrested the defendant. On cross-examination, defendant's counsel introduced the fact that in regard to the similar transaction Brown was convicted on the lesser charge of possession of marijuana rather than the one for which indicted — possession with intent to distribute. The jury returned a verdict of guilty and Brown brings this

appeal. *Held*:

1. Defendant assigns error to the ruling of the trial court in permitting introduction of the subsequent similar transaction on the basis that the prosecution "did not comply with the Uniform Superior Court Rule 31.3 by attaching copies of accusations or indictments, if any, and guilty pleas or verdicts." Rule 31.3 of the Uniform Superior Court Rules provides, inter alia, that the prosecution may request the court for leave to present evidence of similar transaction or occurrences, by filing notice with the court and served upon defendant's counsel, which "shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." The notice in the instant case referred to a violation of the Georgia Controlled Substances Act on October 11, 1985, and referred to defendant's possession of marijuana with intent to distribute and his asking Hufstetler, when told he was arrested, if Hufstetler would let him go if he promised to get a job and quit selling dope.

Evidence of other "criminal acts" may be admissible to show motive, intent, absence of mistake or accident, plan or scheme, and identity. *Walraven v. State*, 250 Ga. 401, 408 (297 SE2d 278). It is not necessary that the other offenses must have resulted in trial or conviction. See *Natson v. State*, 242 Ga. 618 (1) (250 SE2d 420), U. S. cert. den. 441 U. S. 925. Evidence of subsequent sales of drugs would be admissible in a trial for sale of marijuana. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321). This is particularly true when identity is in issue. Id. In the instant case, Brown denied that he sold marijuana to either of the undercover GBI agents. The subsequent act was portrayed by the police officer to be the attempt of a sale of marijuana before Brown saw him, and then Brown discarded the marijuana. This act occurred at the same approximate location as the two sales to the GBI agents, and Brown identified himself to the GBI agents as "Rap," a pseudonym the local police officer testified was what everyone "calls him on the street." Hence the subsequent offense was admissible.

The State advised the court and the defendant that they would introduce the similar transaction and the statement made by Brown to Hufstetler that he would quit selling dope if the officer would not arrest him. The transcript shows that this is the only evidence offered by the State at trial. Defendant's counsel introduced the fact that Brown had been indicted and convicted for that offense. "Induced error is impermissible." *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28). A similar offense is admissible, and it is not necessary that such offense have resulted in indictment or conviction. The State advised the court and defendant of what they would offer and complied with

that portion of Rule 31.1 relating to the evidence offered. Any evidence of indictment or conviction for the other offense would be inadmissible, over objection, for non-compliance with the Rule. We find no prejudice to defendant, or reversible error, for a failure to include within the notice of intent to introduce a similar offense, any reference to an indictment or conviction, if the State does not introduce such evidence.

2. The statement made by defendant Brown to Officer Hufstetler was not inadmissible on the basis that it was hearsay. It was a voluntary statement made by the defendant, not in response to questioning. *Shy v. State*, 234 Ga. 816 (I) (218 SE2d 599). We find no error in the admission of Brown's voluntary statement made to the officer just prior to his arrest.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 30, 1987.

*Berry B. Earle III*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.