74805. GOLDEN v. THE STATE.
(361 SE2d 703)

CARLEY, Judge.
Appellant was tried before a jury on an indictment which charged him with violating the Georgia Controlled Substances Act by selling cocaine. The State's evidence showed that appellant sold the cocaine to an undercover agent. The transaction took place in a motel room after appellant had removed a packet of cocaine from clothing that was hanging in the closet. At the time of the sale, another individual was present in the motel room. The next day, after having obtained a search warrant, officers found a quantity of drugs in the motel room. Appellant was arrested when he returned to the room. The jury returned a verdict of guilty. Appellant appeals from the judgment of conviction and sentence entered on the jury verdict.

The sole enumeration is that the trial court erred in allowing the

State to introduce evidence of appellant's possession of the contraband that was found in the motel room on the day after he allegedly sold the cocaine. "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). With regard to identity, the evidence established that appellant exercised at least joint control over the motel room and was in joint constructive possession of the contraband drugs found therein. See generally *Anderson v. State*, 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983). There was also certainly a sufficient factual connection between appellant's subsequent possession of a stash of drugs and his prior sale of drugs from that very stash. Accordingly, the evidence of the contraband subsequently found in appellant's motel room was admissible to show identity, motive, plan, scheme, bent of mind or course of conduct as to his previous sale of cocaine and the jury was instructed as to its limited admissibility.

Moreover, it would appear that the evidence was also admissible as showing the circumstances of appellant's arrest. "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime." *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673) (1977). The trial court did not err in admitting the evidence.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Keith F. Allen*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.