## 75506. McCOY v. THE STATE.
### (363 SE2d 628)

BANKE, Presiding Judge.

McCoy appeals his convictions of burglary and theft by taking. *Held*:

1. The first issue which presents itself is whether the appeal

must be dismissed as untimely filed. The record discloses that the appellant was convicted and sentenced on October 28, 1986, but that his notice of appeal was not filed until December 17, 1986. In response to an objection made by the state to the timeliness of the notice of appeal, the trial judge made a specific finding that the delay was attributable to the "court's lack of direction as to whether the . . . public defender . . . or the court appointed special defender . . . would file the notice of appeal."

In *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313) (1987), we noted that "an abortive attempt to appeal a criminal conviction due to a technical error on the part of the appellant's attorney may result in a denial of the appellant's constitutional right to effective assistance of counsel for which habeas corpus relief would lie. [Cits.]" Here, as in that case, to dismiss the appellant's appeal would almost certainly result in just such a denial of the appellant's due process rights. Thus, "while no issue of substantive or technical ineffective assistance of counsel has been raised by the parties, nevertheless, in the interest of judicial economy we deem it appropriate to address the merits of the appellant's enumeration of error. [Cit.]" Id.

2. The appellant contends that his conviction of theft by taking was based on the uncorroborated testimony of an alleged accomplice. "In Georgia the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty." *Eubanks v. State*, 240 Ga. 544, 545 (242 SE2d 41) (1978). However, slight corroboration of the accomplice's testimony is sufficient. *Bryant v. State*, 179 Ga. App. 653, 654 (347 SE2d 301) (1986). The testimony of the accomplice in this case was sufficiently corroborated by the testimony of other participants connecting the appellant to the offense.

3. The appellant further contends the evidence was insufficient to support his convictions due to the state's failure to introduce the stolen property into evidence. The best evidence rule "does not require that chattels be introduced in evidence." *Adams v. State*, 142 Ga. App. 252, 254 (235 SE2d 667) (1977). The items in question were amply identified through photographs and serial numbers, and we can conceive of no harm which could have resulted to the appellant from the state's failure to introduce the items themselves into evidence. Viewed in the light most favorable to the verdict, the evidence presented at the trial was sufficient to enable a rational trier of fact to find the appellant guilty of both the offenses charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in Divisions 2 and 3 and in judgment only.*

DECIDED DECEMBER 4, 1987.

David C. Jones, Jr., for appellant.

Timothy G. Madison, District Attorney, James E. Sherrill, John G. Wilbanks, Jr., Assistant District Attorneys, for appellee.