A89A1149. WHITLEY v. THE STATE.
(387 SE2d 348)

CARLEY, Chief Judge.

Appellant was indicted for unlawfully selling marijuana and was found guilty after a jury trial. He now appeals from the judgment of conviction and sentence entered by the trial court on the guilty verdict.

1. Some two and a half months subsequent to the sale of marijuana which underlay the instant prosecution, marijuana was seized from motor vehicles and the curtilage of the house where the sale had previously taken place. Over appellant's objection, the trial court held that this subsequent discovery of marijuana on the premises was admissible "similar crimes" evidence.

" '(E)vidence of other criminal acts of the defendant may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that [the defendant] committed the crime on trial because he is a man of criminal character. . . .' " (Cits.) The purposes for which evidence of extrinsic offenses may be offered include motive; intent; absence of mistake or accident [each is (an) aspect of intent]; plan or scheme [of which the crime on trial is a part]; and identity. (Cits.) To render evidence of extrinsic offenses admissible for any of these purposes, the (S)tate must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a sufficient similarity or connection between the extrinsic offense and the offense charged, such that proof of the former tends to prove the latter. (Cits.)' [Cits.]" *Bennett v. State*, 186 Ga. App. 832, 833 (3) (368 SE2d 789) (1988).

With regard to the showing of identity, there was sufficient evidence that appellant resided in the house in question, and thus pos-

sessed the subsequently seized marijuana. "Proof of [appellant's] identity as perpetrator of the similar crime need not be beyond a reasonable doubt. [Cit.]" *Allen v. State*, 180 Ga. App. 701, 702 (350 SE2d 478) (1986). Although the property was owned by appellant's mother, he acknowledged that it was his house in a conversation with the agent who purchased the marijuana. Moreover, a surveillance of the house after the sale showed that he was there on numerous occasions, and that no one else appeared to be residing in the house at the time of the subsequent seizure of contraband. Appellant also urges that others had equal access to the seized marijuana. However, "[t]he totality of the evidence was sufficient to connect the appellant to possession of the drugs, even though the evidence would have authorized a finding that others had equal access to the same drugs. [Cits.]" *Farmer v. State*, 188 Ga. App. 375, 376 (373 SE2d 68) (1988).

With regard to the showing of similarity, the "[e]vidence of subsequent [possession of marijuana] would be admissible in a trial for sale of marijuana. [Cit.] This is particularly true when[, as in the instant case,] identity is in issue. [Cit.]" *Brown v. State*, 183 Ga. App. 476, 477 (1) (359 SE2d 233) (1987). Thus, the trial court did not err in admitting the evidence of the subsequent seizure of marijuana.

2. Although the trial court gave instructions on the limited relevancy of the "similar crimes" evidence, appellant enumerates as error the trial court's failure to instruct on the presumption of innocence or the requirement that such "similar crimes" must be proved beyond a reasonable doubt.

"The independent crime[s] . . . [were] not an element of the offense charged . . . requiring [their] proof beyond a reasonable doubt." *Wallace v. State*, 246 Ga. 738, 742 (5) (273 SE2d 143) (1980). As to the crime charged, the trial court emphasized the presumption of innocence and the necessity of proof of each element of the crime beyond a reasonable doubt. Accordingly, the trial court did not err in failing to give additional instructions.

3. Appellant enumerates as error the trial court's giving of a charge on "the entire statute proscribing the possession, manufacture, delivery, distribution, dispensing, administering, selling or possessing [with intent to distribute] . . . marijuana. 'It is not usually cause for new trial that an entire Code section is given. . . . This is so even though a part of the charge may be inapplicable under the facts in evidence.' [Cits.]" *Smith v. State*, 178 Ga. App. 19, 20 (4) (341 SE2d 901) (1986). "[A] further reading of the charge shows that the court gave further instructions which confined the jury's consideration to the issue of [sale]." *Bentley v. State*, 183 Ga. App. 112, 113 (4) (358 SE2d 274) (1987). "When viewed in the context of the full charge of the court we do not find this charge misleading. [Cit.]" *Smith v. State*, supra at 20 (4).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989 —
REHEARING DENIED OCTOBER 16, 1989.

*Hill & Henry, W. Ralph Hill, Jr.*, for appellant.
*Ralph Van Pelt, Jr., District Attorney*, for appellee.