A90A0903. CROSS v. THE STATE.
(397 SE2d 125)

POPE, Judge.

Defendant Gerald Wayne Cross was convicted of two counts of selling cocaine to an undercover agent. Defendant testified at trial. On cross-examination the prosecuting attorney asked defendant if he had ever used drugs. When defendant answered in the negative, the prosecutor immediately asked again, "You have never used drugs?" The defendant again answered negatively and defendant's attorney objected on the ground the question had been asked and answered and on the ground the question improperly injected the issue of defendant's character into the case. In the presence of the jury, the prosecutor responded that she intended to prove the defendant did use cocaine by introducing evidence of a chemical test. The trial court

overruled the objection to the question and also permitted the prosecutor to present, on rebuttal, evidence that the results of a chemical test administered to the defendant after his arrest were positive for cocaine use.

We reject the State's argument that the test results were admissible as evidence of similar conduct. The presence of cocaine in bodily fluids is admissible as direct evidence of the offense of possession of cocaine. *Buffington v. State*, 190 Ga. App. 365 (378 SE2d 884) (1989). However, defendant in this case was not charged with possession but with the sale of cocaine. Proof of subsequent possession of some *unused* quantity of contraband is a sufficiently similar offense to be admissible in a trial for the sale of contraband. *Whitley v. State*, 193 Ga. App. 192 (1) (387 SE2d 348) (1989). However, is evidence that the defendant was in possession only of that cocaine which he *ingested* sufficiently similar to the sale of cocaine to be admissible in defendant's trial for the sale of cocaine? We think not, for this would be taking the issue of the similarity of acts too far. "The purposes for which evidence of extrinsic offenses may be offered include motive; intent; absence of mistake or accident (each is [an] aspect of intent); plan or scheme (of which the crime on trial is a part); and identity." (Citation and punctuation omitted.) Id. at 192. Evidence of mere use of a drug (as opposed to its possession in some unused quantity) is not probative of motive, intent, plan or scheme to *sell* the drug; it is not sufficiently similar to the offense of the sale of that drug. Cf. *Stevens v. State*, 165 Ga. App. 814, 818 (302 SE2d 724) (1983), Carley, J., dissenting (where the three dissenting judges asserted that evidence the defendant was in possession of *some* cocaine which he ingested was insufficient evidence to sustain his conviction for joint possession of another quantity of cocaine found in the possession of the co-defendant). We cannot say that proof of mere personal use of an illegal substance, though it shows possession of at least that quantity of the substance which was ingested, is admissible in a trial for the sale of the illegal substance. Thus, neither would proof of use be admissible on the issue of the identity of the defendant since use of a drug is not sufficiently similar to the sale of the drug to show that the identity of one who is a user is the same as one who is a seller.

We also reject the State's argument that the test results were admissible to impeach the testimony of the defendant that he did not use drugs. The question itself improperly injected the defendant's character into evidence and thus it cannot be used to bootstrap the admissibility of the evidence impeaching the defendant's answer to the question. "In the case sub judice, defendant did not voluntarily place his character in issue. He merely responded to questions which placed his character in issue. . . . This line of cross-examination was obviously an endeavor to compel defendant to respond to questions

which placed his character in issue and which insured an excuse for the State's introduction of evidence of defendant's [subsequent bad acts]. We disapprove of this endeavor and adhere to the rule that the State cannot rebut or question the presumption of a defendant's good character unless the defendant first *chooses* to place his character in issue. To say otherwise, would render meaningless one of the primary objectives of OCGA § 24-9-20 (b), to preserve the presumption of a defendant's innocence. See *Jones v. State*, 257 Ga. 753, 754 (1), 756 [(363 SE2d 529) (1988)]. Consequently, since defendant did not voluntarily elect to place his character in issue, the trial court erred in allowing the State to attempt to impeach defendant and place his character in issue through the introduction of evidence of defendant's [subsequent acts]." *Arnold v. State*, 193 Ga. App. 206, 207-208 (387 SE2d 417) (1989).

The objection to the improper question was not waived by the fact that defendant's attorney did not interpose his objection until the question was asked and answered for the second time. First, we note that during the discussion on defendant's objection the attorney responded to this argument by asserting that the questions and answers were made in "a very fast exchange" and that he objected immediately. Moreover, even if the objection was untimely, both the question and the subsequent admission of evidence of the defendant's use of cocaine was improper as a matter of law and is reversible error. Id. at (2). This case is distinguishable from the facts of *Beauchene v. State*, 194 Ga. App. 222 (390 SE2d 116) (1990), where the State was allowed to impeach the defendant's denial that he had ever sold drugs on occasions other than the sale for which he was on trial. In *Beauchene*, the defendant, himself, raised the issue of his selling cocaine by admitting on direct examination that he made the sale to an undercover agent but asserting the defense of entrapment. Thus, in *Beauchene*, the defendant, himself, interjected the issue of his criminal activity.

*Judgment reversed. Deen, P. J., and Beasley, J, concur.*

DECIDED SEPTEMBER 4, 1990.

*George P. Donaldson III*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.