## A90A2056. FAISON v. THE STATE.
(405 SE2d 277)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the admission into evidence, over objection, of a certified copy of his prior indictment for and his guilty plea to a charge of possession of cocaine. The State urged, and the trial court agreed, that the indictment and guilty plea was admissible evidence of appellant's perpetration of a "similar crime."

In *Whitley v. State*, 193 Ga. App. 192 (1) (387 SE2d 348) (1989), we held that evidence of the defendant's possession of drugs on another occasion was admissible in his trial for the sale of drugs. However, *Whitley* does *not* stand for the proposition that evidence of a defendant's possession of drugs on another occasion is *indiscriminately* admissible in his trial for the sale of drugs. The "other trans-

action" in *Whitley* was the defendant's subsequent possession of marijuana which "was seized from motor vehicles and the curtilage of *the house where the sale had previously taken place.*" (Emphasis supplied.) *Whitley v. State*, supra at 192 (1). This evidence that, on another occasion, the defendant had in fact possessed marijuana on the *same premises* was held to be admissible to show that, contrary to his defensive contentions, he had not been misidentified as the one who possessed the marijuana on that occasion when it had been purchased on those very premises. In so holding, *Whitley* is but one in a line of cases which has long recognized that evidence of a defendant's "other" *possession* of drugs *may* be admissible to show identity in his trial for the *sale* of drugs *if* a sufficient showing of a *factual similarity or connection* between the possession and the sale has otherwise been made. See *Golden v. State*, 184 Ga. App. 434 (361 SE2d 703) (1987) (holding that defendant's possession of drugs at the *same location* admissible in his trial for sale of drugs); *Brown v. State*, 183 Ga. App. 476, 477 (1) (359 SE2d 233) (1987) (which was *specifically cited* in *Whitley* and holds that defendant's conviction for possession of marijuana at *same location* admissible in his trial for sale of marijuana); *Laws v. State*, 153 Ga. App. 166, 167 (2) (264 SE2d 700) (1980) (holding that defendant's possession of marijuana at *same location* admissible in his trial for sale of marijuana).

There is no basis for concluding that, in following established precedent, *Whitley* was incorrect in its holding that evidence of the defendant's "other" possession of drugs *under factually similar circumstances* was admissible to prove his identity as the seller of drugs on the occasion at issue. That the intent elements of the crimes may differ is totally immaterial to the determination of the admissibility of the evidence. There is *no* requirement that, to come within the "other transaction" exception, the "other transaction" must be *identical* in every aspect. "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence 'may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . .' " ' [Cit.]" *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of *another drug crime* and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, *the separate crime* will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." (Emphasis supplied.) *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). See also *Burden v. State*, 250 Ga. 313, 314 (2) (297 SE2d 242) (1982) (holding evidence of aggravated assault to be admissible in a murder case);

*Jones v. State,* 158 Ga. App. 585 (2) (281 SE2d 329) (1981) (holding evidence of larceny or burglary to be admissible in a robbery by force case); *Jackson v. State,* 157 Ga. App. 604, 605 (4) (278 SE2d 5) (1981) (holding evidence of assault to be admissible in a rape case). It is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible to show his identity, and the differing intent with which he may have possessed the drugs on those separate occasions is not a bar to its admissibility for that limited purpose.

Thus, it follows that *Whitley* should be followed in the instant case *unless* it is distinguishable. In this regard, the record shows that here, as in *Whitley,* the defense was mistaken identity. However, the record also shows that here, unlike in *Whitley,* there was *no* showing of any factual similarity whatsoever between appellant's "other" act of possessing drugs and the alleged act of selling drugs which underlay his instant prosecution. Accordingly, as was implicitly recognized in *Cross v. State,* 196 Ga. App. 714 (397 SE2d 125) (1990), *Whitley* is distinguishable and inapplicable authority for the proposition that the evidence of appellant's "other" possession of drugs was relevant and admissible in the instant case to prove his identity as the seller of the drugs. Here, as in *Cross v. State,* supra, the State made *no* showing of the requisite similarity and the trial court's evidentiary ruling *was,* therefore, erroneous.

However, an erroneous admission of "other transaction" evidence *may* be harmless. The record in the instant case shows that appellant was positively identified by the officer who bought the drugs and by the officers who made the arrest only a few minutes thereafter. There was also testimony that, at the time of appellant's arrest, he had in his possession the marked twenty-dollar bill used to purchase the drugs and the fact that the twenty-dollar bill was not itself tendered into evidence does not render this testimony any less inculpatory. *McCoy v. State,* 185 Ga. App. 221, 222 (3) (363 SE2d 628) (1987); *Adams v. State,* 142 Ga. App. 252, 253 (4) (235 SE2d 667) (1977). In opposition, appellant presented no affirmative evidence to support his misidentification defense. Instead, he purported to· develop that defense only through cross-examination of the officers. However, each of the officers reiterated his inculpatory testimony on re-direct examination. This record demonstrates overwhelming evidence of appellant's guilt. Accordingly, the trial court's erroneous evidentiary ruling does not mandate a reversal because it is highly probable that that error did not contribute to the guilty verdict. See *Hatcher v. State,* 251 Ga. 388, 389 (1) (306 SE2d 250) (1983).

2. Such of appellant's remaining enumerations of error as are not otherwise implicitly resolved by our holding in Division 1 have been considered and found to be without merit.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, Cooper and Andrews, JJ., concur. Sognier, C. J., Banke, P. J., and Beasley, J., dissent.*

BANKE, Presiding Judge, dissenting.

1. While the act of selling a drug necessarily implies control or dominion over it, the converse is not true — i.e., possession of a drug does not necessarily imply an intention to sell or distribute it. Rather, such possession *may* be fully consistent with an intention merely to consume the drug. As indicated by the majority, there was no showing of any factual similarity whatever between the conduct giving rise to the appellant's prior cocaine possession conviction and the conduct for which he was on trial. Consequently, I fully agree that the trial court erred in admitting the prior conviction. However, I cannot agree that the error was harmless.

The state's case was based entirely on the testimony of an undercover Chatham County police detective to the effect that the appellant had sold him cocaine. This detective testified that as he was driving through an area of Savannah seeking to purchase drugs, a man whom he identified as Earl Cephus Pinckney motioned for him to pull over and asked him what he was looking for. The detective testified that he replied, "A twenty," and that Pinckney then walked across the street and spoke with another person, whom the detective identified at trial as the appellant. According to the detective, Pinckney ultimately took something from this person's hand, returned to his (the detective's) vehicle, reached in, and handed him a piece of crack cocaine. The detective testified that he paid Pinckney twenty dollars for this cocaine, using a bill whose serial numbers he had previously recorded, and that before driving away he observed Pinckney hand this money to the appellant. Shortly thereafter, other law enforcement officers converged on the area and arrested both the appellant and Pinckney, based on descriptions radioed to them by the detective.

At the time of his arrest, the appellant was not in possession of any cocaine but was in possession of $181 in cash, including, according to the arresting officer, the 20 dollar bill which the undercover detective had given to Pinckney to pay for the cocaine. However, this twenty dollar bill was not introduced into evidence at trial, even though the other money seized from the appellant was introduced. Asked how he knew the 20 dollar bill in question was the same one the undercover detective had given to Pinckney, the arresting officer replied, "[W]e record the serial numbers off of that prior to th[e] purchase. . . ." However, it is apparent from the undercover detective's testimony that it was he, rather than the arresting officer, who had actually recorded the serial numbers from the bill in question;

and there was no testimony that anyone had actually compared the numbers copied from the bill given to Pinckney with the numbers on the bill seized from the appellant.

As noted by the majority, the appellant's only "defense" to the charge was the possibility of mistaken identification. Inasmuch as this defense could have been conclusively negated by proof that the 20 dollar bill given to Pinckney was the same one found in the appellant's possession, the state's failure to produce this bill in court, along with the serial numbers assertedly recorded from it by the undercover detective, may well have struck the jury as a troublesome and inexplicable weakness in its case. It is quite understandable under these circumstances that the state would have desired to introduce the appellant's prior cocaine possession conviction in an effort to prove to the jury that he was the type of person who might be expected to sell such drugs. However, the use of a defendant's prior criminal record merely to establish that he is a person of criminal character is prohibited by OCGA § 24-9-20 (b), "unless and until the defendant shall have first put his character in issue." See *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983).

An error is harmless only if it is "highly probable" that it did not contribute to the verdict. *State v. Johnson*, 238 Ga. 59, 60 (230 SE2d 869) (1976). Apparently, the state did not consider the appellant's prior conviction to be harmless evidence, or it would not have insisted on introducing it. Under the circumstances, I would reverse the judgment below and remand the case for a new trial.

2. The majority states that "*Whitley [v. State*, 193 Ga. App. 192 (1) (387 SE2d 348) (1989),] does *not* stand for the proposition that evidence of a defendant's possession of drugs on another occasion is *indiscriminately* admissible in his trial for the sale of drugs." I must respectfully disagree. The appellant in *Whitley* had been convicted of selling marijuana. He contended on appeal that there had been an insufficient showing of similarity to warrant the introduction of evidence that a quantity of marijuana had been seized from his premises some two and a half months subsequent to the sale for which he was on trial. In rejecting that contention, this court ruled as follows: "With regard to the showing of similarity, the '(e)vidence of subsequent (possession of marijuana) would be admissible in a trial for sale of marijuana. (Cit.) This is particularly true when (, as in the instant case,) identity is in issue. (Cit.)' *Brown v. State*, 183 Ga. App. 476, 477 (1) (359 SE2d 233) (1987).[1] Thus, the trial court did not err in

---

[1] What this court actually said in *Brown* was not that evidence of subsequent *possession* would be admissible in a trial for sale of marijuana but that "[e]vidence of subsequent *sales* of drugs would be admissible in a trial for sale of marijuana." (Emphasis supplied.) Id., 183 Ga. App. at 477.

admitting the evidence of the subsequent seizure of marijuana." *Whitley*, supra, 193 Ga. App. at 193.

There is nothing in this language which remotely suggests that the location where the subsequent marijuana seizure occurred had any bearing on the court's decision. Rather, the court's holding in that case was quite clearly based on the assumption that evidence of unlawful drug possession on another occasion was per se admissible in a prosecution for selling drugs. Indeed, this very court subsequently interpreted the decision to that effect in *Cross v. State*, 196 Ga. App. 714, 715 (397 SE2d 125) (1990), citing it for the proposition that "[p]roof of subsequent possession of some *unused* quantity of contraband is a sufficiently similar offense to be admissible in a trial for the sale of contraband." (Emphasis from original.) However, regardless of whether this court did or did not predicate its holding in *Whitley* on the assumption that there is a per se rule of admissibility in such cases, we appear to be unanimous in the present case in holding that no such per se rule of admissibility in fact exists.

I am authorized to state that Chief Judge Sognier joins in this dissent.

DECIDED MARCH 14, 1991 —
REHEARING DENIED MARCH 29, 1991 — 

*Calhoun & Associates, Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.