**Jimmie BURDEN, Jr.,**
**Petitioner–Appellant,**

v.

**Walter ZANT, Warden, Georgia**
**Diagnostic and Classification**
**Center, Respondent–Appellee.**

No. 88–8619.

United States Court of Appeals,
Eleventh Circuit.

April 10, 1989.

Millard Farmer, Joseph M. Nursey, Atlanta, Ga., for plaintiff-appellant.

Paula K. Smith, Office of the Attorney General, Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

In December 1981 a grand jury indicted Jimmie Burden on four counts of murder for the 1974 deaths of Louise Wynn and her three children. Burden's nephew, Henry Lee "Acid" Dixon, implicated Burden in the murders after Dixon was arrested for the crimes following a seven year investigation. A jury found Burden guilty of all four murders and he was sentenced to death on each count. The Georgia Supreme Court affirmed the four convictions and three of the death sentences; the

fourth was vacated and remanded for re-sentencing to life imprisonment. *Burden v. State*, 297 S.E.2d 242 (1982). The United States Supreme Court denied certiorari. *Burden v. Georgia*, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983). After exhausting his state remedies, Burden filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Georgia. The district court denied the petition, 690 F.Supp. 1040, and this appeal follows.

 One of the most serious issues Burden raises in his appeal is whether his trial counsel labored under a conflict of interest. A criminal defendant is entitled under the sixth amendment to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). Because the record is inadequate to support resolution of this issue, we remand for an evidentiary hearing on petitioner's conflict of interest claim and express no opinion as to the other issues raised in his appeal.

The record reflects that the Public Defender's Office of Georgia's Middle Judicial Circuit was appointed to represent Dixon after his arrest in August 1981. Dixon, testifying at his commitment hearing under a grant of immunity, inculpated petitioner in the crimes for which Dixon was charged. The trial court did not find probable cause to bind Dixon over to the grand jury but ordered him to remain in custody as a material witness. After petitioner's arrest, the trial court appointed the same Public Defender's Office to represent petitioner. The Public Defender's Office at that time consisted solely of Kenneth Kondritzer, the Public Defender, and Mickey Moses, the Assistant Public Defender. In February 1982, before petitioner's trial, Kondritzer resigned and Moses became Public Defender. In an affidavit, Kondritzer states that he "continued to represent Henry Dixon until [he] left the Public Defenders' [sic] Office" despite the fact that the charges against Dixon had been dropped. Moses represented petitioner at trial.

The record leaves several important questions unanswered. It does not contain orders appointing either Kondritzer or Moses personally to represent Dixon and Burden; nor does it indicate which public defender, if either, negotiated Dixon's immunity agreement. It reveals little about the practices of the Public Defender's Office at the time Kondritzer was Public Defender and, specifically, nothing about Moses' relationship to individual cases in the office. Finally, it contains little information about the nature of Kondritzer's "continued representation" of Dixon after the trial judge declined to bind him over to the grand jury.

A comprehensive history of both Dixon's and Burden's representation is necessary for us to evaluate petitioner's conflict of interest claim. Accordingly, we retain jurisdiction of the case and remand it to the district court for an evidentiary hearing limited to the conflict of interest issue. The district court is requested to certify its findings and the record of its proceedings to us within ninety days of the issuance of this opinion. *See Walker v. Davis*, 840 F.2d 834, 839–40 (11th Cir.1988); *Green v. Zant*, 715 F.2d 551, 554 (11th Cir.1983).

REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH INSTRUCTIONS.