### 66249. BOYD v. THE STATE.

POPE, Judge.

Appellant Boyd was convicted of burglary and rape. His sole enumeration of error is that the trial court erred in charging the jury on alibi. Appellant contends that the evidence was not sufficient to support a charge on alibi, and that the charge thus constituted harmful error. OCGA § 16-3-40 (Code Ann. § 38-122) provides: "The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its' commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." Although appellant testified that he could not remember where he was on the day the crimes occurred, he did testify that on that day he did not see the victim, he did not break into her home and he did not see the co-defendant. Thus, there was some evidence of alibi. "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a

legitimate process of reasoning can be drawn from it by the jury." *Williams v. State,* 156 Ga. App. 17, 18 (274 SE2d 71) (1980). See also *Knight v. State,* 114 Ga. 48 (4) (39 SE 928) (1901).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*J. Richard Edwards,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys,* for appellee.