*District Attorney*, for appellee.

70093. SLATON v. THE STATE.
(332 SE2d 691)

McMURRAY, Presiding Judge.

The defendant was indicted for the offense of armed robbery. At trial, the evidence showed that during the course of the armed robbery on December 4, 1983, the defendant attempted to shoot the victim (Kendrick) while he was fleeing. The jury found the defendant guilty and he was sentenced to life imprisonment. The trial court denied the defendant's motion for new trial and he now appeals. *Held*:

1. In his first enumeration of error the defendant contends that the trial court erred in allowing the State to introduce a witness who had been shot by the defendant in an unrelated incident. Prior to and after the submission of this evidence, the court charged the jury that they were to consider the evidence only to show the defendant's motive, intent, plan, identity, bent of mind or course of conduct. "In *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), we held that evidence of prior criminal actions are admissible if relevant to the issues in the present case. The state must show, however, that the defendant was in fact the perpetrator of the prior action and that sufficient similarity exists between the prior action and the offense charged. *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982). Once this foundation is laid, evidence of prior crimes is admissible to show motive, intent, plan, identity, bent of mind or course of conduct." *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184).

In the case sub judice, Dewey Pearson testified that the defendant shot him in his right leg three days prior to the armed robbery while he (Pearson) was fleeing from the scene after being shot at by the defendant. Pearson's testimony revealed that the shooting occurred within 100 to 200 yards of the armed robbery and that both crimes occurred at night. "This evidence demonstrated [the defendant's] bent of mind and propensity for use of a [weapon]. In view of the limited purpose for which the evidence was admitted, the trial court did not abuse its discretion in admitting the testimony." *Sport v. State*, 253 Ga. 689, 690 (1), supra.

2. In his second enumeration of error the defendant contends that the trial court erred in charging the jury on alibi. The defendant contends that the evidence did not support the charge on alibi and that he "had admitted to having been in the company of Larry Kendrick on the night of the alleged robbery." An examination of the transcript shows that the defendant admitted seeing the victim on December 3, 1983, but denied seeing him on December 4, 1983. The

defendant testified that he saw Kendrick (the victim) on December 3, 1983, when Kendrick was attempting to sell some cocaine to defendant's companion and that it was Kendrick who had a gun on that occasion. The evidence was sufficient to support the charge on alibi. See *Boyd v. State,* 167 Ga. App. 799 (307 SE2d 725).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 20, 1985.

Kenneth R. Croy, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hays, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.