### 72516. MUNN v. THE STATE.
(346 SE2d 128)

DEEN, Presiding Judge.

Appellant Munn was convicted of armed robbery by a Fulton County jury and received a twenty-year sentence. He appeals from this judgment, enumerating as error the trial court's denial of his motion for a new trial on the general grounds and the admission of evidence of a prior crime which allegedly placed his character in issue. *Held*:

1. Review of the record sub judice reveals that there was sufficient evidence to establish the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983). The appellate court addresses itself to the sufficiency of the evidence only, and not to its weight. *Pennyman v. State*, 175 Ga. App. 405 (333 SE2d 659) (1985).

Although the prosecuting witness' testimony regarding the alleged robbery conflicted sharply with that of appellant, there was sufficient corroborating evidence to demonstrate the veracity of the former's testimony and cast serious doubt on that of the latter. The victim testified that appellant had gained entrance to her stalled automobile on the pretext of assisting her in starting it; that he had displayed a knife and demanded her money, reiterating the demand when she initially handed him only money and not her entire wallet; that he had fled to his nearby car, dropping her money and wallet as he ran, when the police officer's automobile pulled up and stopped behind them. Appellant contended that the knife was to be used only to assist him in working with the car's switch, that the woman had "thrown" money at him, and that he had run from the police officer because he was carrying an outdated and illegally altered insurance card. The arresting officer (who was returning from summoning help for the stranded motorist) testified that he overtook appellant running from the woman's car with an open knife in his hand, and that her wallet and money were lying on the ground between the two cars. The credibility of witnesses is a matter for jury determination. *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980).

This enumeration is without merit.

2. Testimony regarding a prior crime was admitted to show similarity in modus operandi, and the trial court expressly instructed the jury to that effect. The previous victim, also a woman, was raped at knifepoint after appellant had enticed her into his car on a pretext. It

is well settled that evidence of a similar prior offense is admissible for the purpose of showing intent, motive, method, etc., even if the defendant's character is incidentally placed in issue thereby. *Slaton v. State*, 175 Ga. App. 182 (332 SE2d 691) (1985). Moreover, the other evidence against appellant, who in the instant case was caught by the arresting officer in flagrante delicto, was so overwhelming that, even had the admission of the challenged testimony been error, it is highly probable that it did not contribute to the conviction. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

We find no merit in this enumeration.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JUNE 12, 1986.

*J. Roland DeWitt*, for appellant.

*Lewis R. Slaton, Jr., District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.