## 72557. ALLEN v. THE STATE.
### (350 SE2d 478)

Beasley, Judge.

The appeal, from Allen's conviction for aggravated assault (OCGA § 16-5-21) and possession of a firearm during commission of a felony (OCGA § 16-11-106), proceeds on the ground that the admission of evidence of three uncharged crimes was error.

Appellant and his wife, who was acquitted, were charged with the February 11, 1985 armed and aggravated assault on Bonds, a Central Vending Company driver, as he was preparing to enter Doctor's Hospital in Atlanta to service vending machines. Two eyewitnesses testified that at approximately 7:00 a.m. two males were seen getting out of a car near the hospital. The car was then driven off by a female accomplice alleged to be Mrs. Allen. Shortly thereafter, the two men were seen to approach the driver. One pulled a gun and the other acted as a lookout. The driver struggled and was shot, and the two men ran from the scene. One witness chased the lookout and made a positive in-court identification of appellant.

The second witness, who was across the street from the incident, also made a positive in-court identification.

After a hearing outside the jury's presence, the court allowed the state to introduce three other criminal incidents as evidence of his identity as one of the men who assaulted Bonds. At approximately 3:30 a.m. on March 29, 1984, another Central Vending driver was robbed by two males while he was preparing to service machines at Corporate Square in DeKalb County. One man had a gun and forced the driver into the rear of the van. Appellant complains that the linking factor of identity was not shown, but the driver positively identified the appellant at trial as the lookout. He had not made an identification when initially shown a photo spread.

On April 10, 1984, another Central Vending driver was accosted at about 4:00 a.m. as he was preparing to enter the Southern Bell Building in Atlanta to service vending machines. Two males forced him into the back of his van and tied him up. One was armed. This witness had been unable to make an identification from an initial photo spread; however, he did make an "80%" sure" pretrial identification from a photo of the physical lineup. He was not asked to make an in-court identification of appellant but confirmed the physical lineup photo identification, and the photo was introduced into evidence. Here again, appellant challenges the factor of identity.

The last incident occurred March 22, 1985. This was a little more than five weeks after the crime which was the subject of the trial, while appellant was still at large. It began at between 3:00 and 4:00 a.m. on West Peachtree Street in Atlanta. While stopped at a traffic light after leaving a nightclub, the victim was approached by three

males, one of whom brandished a gun. They forced their way into the car and drove around with the victim for approximately four hours, making several stops for purchases and in search of drugs. Appellant also sought oral sex with the victim, who during the course of the ordeal was robbed, stripped to his underwear and thrown down an embankment. He identified a photo of appellant before trial and also identified appellant at trial. Although admitting identity, appellant asserts that this was not a similar transaction.

Before evidence of independent crimes may be introduced by the state for the limited purpose of showing motive, intent, plan, course of conduct, bent of mind, or identity, the court must find that the accused is in fact the perpetrator and that there is sufficient similarity or logical connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980); *Slaton v. State*, 175 Ga. App. 182 (332 SE2d 691) (1985).

Appellant concedes that the other two Central Vending incidents were similar, but disputes the proof of identity of appellant as the perpetrator. Concerning the remaining incident, appellant admits identity but contends that this incident was not similar.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the judge to find that the two other Central Vending drivers had sufficiently identified the appellant and to submit these two incidents to the jury for its consideration. Proof of defendant's identity as perpetrator of the similar crime need not be beyond a reasonable doubt. *Wallace v. State*, 246 Ga. 738, 742 (5) (273 SE2d 143) (1980). See, for example, the testimony of Price Harding and Shirley Harding in *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977), which illustrates the admissibility of independent crimes even though identity is not positively proved.

Although there are some differences in the incident on trial and the last incident introduced, there are a number of similarities and logical connections between them. The last incident took place just a few weeks after the assault on Bonds, again during the early morning hours, by multiple assailants and with the use of a gun. Similarly, money was taken from the victim. The incident began within several blocks of the charged crime (and within sight of the Southern Bell Building, the site of one of the other Central Vending robberies). Again, a lone male was victimized. This was sufficiently similar so that its admission into evidence as tending to prove that appellant was one of the persons involved in the assault on Bonds was not error. *Hamilton v. State*, supra at 75; *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983); *Burks v. State*, 174 Ga. App. 304, 305 (2) (329 SE2d 590) (1985); *Felker v. State*, 252 Ga. 351, 359 (1) (314 SE2d 621) (1984). Admission of such an incident is a matter of discre-

tion. *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184) (1985). Appropriate limiting instructions were given by the court both mid-trial and in its charge.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 29, 1986.

*Derek H. Jones*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Howard Goldstein, Assistant District Attorneys*, for appellee.