A89A0890. COMBS v. THE STATE.
(385 SE2d 754)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of kidnapping with bodily injury, kidnapping, cruelty to children, two counts of false imprisonment, and three counts of aggravated assault. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts and from the denial of his motion for new trial.

1. Over objection, the State was allowed to introduce evidence of appellant's commission of an independent crime. This ruling is enumerated as error.

" 'Generally, evidence of other criminal acts of the defendant is inadmissible because it tends to place the defendant's character into evidence in violation of OCGA § 24-9-20 (b). Exceptions allow independent crimes to be introduced on two conditions: 1) there must be evidence that defendant was in fact the perpetrator of the independent crime, and 2) there must be sufficient similarity or connection between the independent crime and the charged crime that proof of the former tends to prove the latter. [Cits.] Thereafter the independent crime may be introduced to prove identity, motive, plan, scheme, bent of mind and course of conduct. [Cit.]' [Cit.]" *Franklin v. State,* 189 Ga. App. 405, 407-408 (1) (376 SE2d 225) (1988). Although appellant had not been tried and convicted of the independent crime, "it is not necessary that such offense have resulted in indictment or conviction." *Brown v. State,* 183 Ga. App. 476, 477 (1) (359 SE2d 233) (1987). See also *Crews v. State,* 185 Ga. App. 494 (2) (364 SE2d 625) (1988). The independent offense, as well as both occurrences at issue in the present case, involved a white male, driving a white car, who attacked female motorists under the pretext of offering them assistance. See *Munn v. State,* 179 Ga. App. 357 (346 SE2d 128) (1986). The perpetrator fondled all victims and manifested a clear intent to rape. " 'Although [the independent crime and] the two occurrences [which underlie the instant prosecution] were not identical, there were sufficient similarities to authorize the trial court to admit the testimony. [Cit.]' [Cit.]" *Brown v. State,* 250 Ga. 66, 73 (5) (295 SE2d 727) (1982). See also *Franklin v. State,* supra at 405-408 (1); *Devane v. State,* 183 Ga. App. 60, 63 (2b) (357 SE2d 819) (1987).

2. Appellant enumerates the general grounds. We find that a ra-

tional trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Martin & Martin, Harold E. Martin*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.