A91A1715. TILLMAN v. THE STATE.
(412 SE2d 553)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of child molestation. *Held*:

1. Defendant enumerates as error the admission of evidence of similar transactions. The victim of the crime of which defendant was convicted was four years old at the time of the offense. Defendant's cousin testified that in July 1984 she was sitting on the front porch

when she noticed a light in a darkened room where another cousin, a 21-month-old female baby, was located. The witness went to investigate and found defendant in the room "standing up by the fireplace with a cigarette in his hand and the lighter. . . ." The witness went to the bed where the child was lying and found that she was "hanging off the bed," and that defendant had partially removed the child's diaper exposing her private parts. When asked what he was doing in the room, defendant replied: "What you thought? Daddy was trying to steal her?" Although defendant lived in the house, it was unusual for him to be in the room occupied by the baby, he was not involved in the care of the baby, and he had never changed her diaper.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. 'However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged.' *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270)." *Oller v. State*, 187 Ga. App. 818, 819-820 (2) (371 SE2d 455). See also *Leonard v. State*, 197 Ga. App. 221, 223 (2) (398 SE2d 250).

Defendant argues that the first prong of this test is not satisfied in that the evidence concerning the prior incident fails to show that a sex crime was in fact committed. However, proof that defendant was the perpetrator of a similar crime need not be beyond a reasonable doubt. *Kilgore v. State*, 251 Ga. 291, 297, 298 (3b) (305 SE2d 82); *Wallace v. State*, 246 Ga. 738, 742 (5) (273 SE2d 143); *Whitley v. State*, 193 Ga. App. 192 (1), 193 (387 SE2d 348); *Allen v. State*, 180 Ga. App. 701, 702 (350 SE2d 478). The incident at issue and another similar transaction concerning which evidence was presented tended to show a pattern of conduct sufficient to be considered by the jury. *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40).

Defendant also argues that there is not sufficient similarity between the past similar acts of child molestation and the crime charged. " ' "The sexual molestation of young children, regardless of sex or type of act, is (of) sufficient similarity to make the evidence admissible." *Phelps v. State*, 158 Ga. App. 219, 220 (2) (279 SE2d 513) ((1981)).' *Keeler v. State*, 181 Ga. App. 208, 209 (2) (351 SE2d 731) (1986)." *Cato v. State*, 195 Ga. App. 619, 621 (4) (394 SE2d 413).

2. The remaining enumeration of error complains that the trial court erred in the charge to the jury. "The record . . . reveals that when the trial court completed its charge and asked for any objections, [defendant] failed to indicate any objection or dissatisfaction with the charge. ' "Clearly, it is the law of this state, even in criminal cases, that if the trial court asks if there are any objections to the

802

charge given, counsel for the defendant must either state his objections or reserve the right to make such objections on motion for new trial or on appeal or waive any such objections." (Cits.)' *Henderson v. State*, 182 Ga. App. 513 (3) (356 SE2d 241) (1987). Due to [defendant's] failure to raise his objection to the charge to the trial court when asked, such objection was waived." *Seidel v. State*, 197 Ga. App. 14, 15 (2) (397 SE2d 480).

*Judgment affirmed. Andrews, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED NOVEMBER 14, 1991.

*E. Allen Smith*, for appellant.
*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.