## S96A0932. SMITH v. THE STATE.
(478 SE2d 379)

CARLEY, Justice.

A jury convicted Richard Smith of malice murder and rape. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

---

[1] The crimes occurred on August 3, 1993. The grand jury indicted Smith on June 21, 1994. The jury returned its guilty verdicts on August 26, 1994. Smith received two consecutive life sentences. He filed a motion for new trial on September 23, 1994, and amended motions on September 28, 1994 and October 2, 1995. The motions were denied on October 5, 1995. Smith filed a notice of appeal on October 30, 1995. The case was docketed in this Court on March 5, 1996 and oral argument was held on May 14, 1996.

1. The evidence at trial showed that, in August 1993, the victim was raped, severely beaten and stabbed to death with a phillips head screwdriver. Smith was seen smoking crack with the victim approximately 30 minutes before her death. He was the last person to be seen with her. Both the State's and Smith's experts agreed that DNA evidence taken from the victim matched Smith and that the chance of finding another match was one in a hundred billion. Several witnesses testified that Smith usually carried a phillips head screwdriver in his back pocket. This evidence was sufficient to authorize a rational trier of fact to find proof of Smith's guilt of rape and murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State offered evidence that Smith raped and murdered another woman in March 1993. Smith contends that there was insufficient evidence that he committed this prior murder. Smith's identity as the perpetrator of the independent act must be proved by "sufficient" evidence. *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983). The State presented witnesses who established that, shortly before the other victim was killed, Smith was seen walking with her toward the abandoned building where her body was found and that she was not seen alive afterwards. The State also presented DNA evidence that linked Smith to the other victim's rape. Because the State's evidence was sufficient to show Smith was the murderer of the other victim, we find no reversible error.

3. Smith also contends that the evidence of the prior murder was not sufficiently similar as to be admissible for any relevant purpose. However, the trial court admitted the evidence to show identity and modus operandi. Both murders took place within a six-month period and in the same neighborhood. Both victims were prostitutes, crack users, the same race, and about the same age. Both murders involved rape, extreme rage against the victims and the use of opportunistic weapons. After reviewing the record, we conclude that the trial court did not err in admitting this evidence. *Farley v. State*, 265 Ga. 622 (458 SE2d 643) (1995).

4. Smith contends that, prior to trial, the prosecutor allowed the State's key witnesses to review each other's statements and also informed the witnesses about Smith's prior conviction for manslaughter. According to Smith, these actions constitute prosecutorial misconduct that deprived him of his right to a fundamentally fair trial. However, the defense also had all of the witnesses' statements. Therefore, Smith could have elicited on cross-examination any suspicious consistencies or influences that resulted from one witness having seen another's statement. With regard to Smith's prior manslaughter conviction, he could have inquired, outside the presence of the jury, how the witnesses' knowledge thereof may have influenced

their testimony. On the record before us, however, there is nothing more than mere speculation that this knowledge may have influenced their testimony. Therefore, even assuming without deciding that Smith has shown prosecutorial misconduct, he has shown no harm resulting therefrom. In the absence of any specific showing of harm, we find no denial of due process.

*Judgments affirmed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

The majority continues the confusing and unfair practice of allowing evidence of other crimes so long as the identity of the defendant as the perpetrator of the independent act is proved by "sufficient" evidence. The bench and bar deserve clarification of how this standard compares with the more traditional formulations for standards of proof. By refusing to give that clarification, the court deprives trial judges of a familiar and recognizable standard by which to determine the admissibility of this type of evidence.

Because of the highly prejudicial nature of other crimes evidence, I would require the state to prove the defendant's identity as perpetrator of the prior crime by clear and convincing evidence. This Court has previously affirmed admission of the evidence when the defendant's identity was shown by clear and convincing evidence such as a prior conviction, eyewitness testimony or substantial circumstantial evidence such as scientific evidence.[2] This clear and convincing standard is consistent with our sister states of Tennessee, Florida, Louisiana, South Carolina and Alabama.[3] These states recognize that evidence of other crimes will be probative of the issues in the trial only if proof of the other crime and the defendant's identity as perpetrator is clear.[4] Requiring the state at the Rule 31.3 hearing to show by clear and convincing evidence that the defendant committed the prior crime would establish a clear, recognizable standard for courts and lawyers and is consistent with the due process owed

---

[2] See, e.g., *Chastain v. State*, 260 Ga. 789, 791 (400 SE2d 329) (1991) (defendant's own admissions and testimony by victim established defendant as perpetrator of prior acts); *Williams v. State*, 251 Ga. 749, 783 (312 SE2d 40) (1983) (victims of other murders connected to defendant by fibers and animal hair); *Wallace v. State*, 246 Ga. 738, 739-740 (273 SE2d 143) (1980) (eyewitness and fingerprint identification); *Dobbs v. State*, 199 Ga. App. 793, 795 (406 SE2d 252) (1991) (eyewitness testimony); *Thomas v. State*, 176 Ga. App. 53, 54 (335 SE2d 135) (1985) (victim's in-court identification).

[3] See *State v. McCary*, 922 SW2d 511 (Tenn. 1996); *Phillips v. State*, 591 S2d 987, 989 (Fla. App. 1991); *State v. Brooks*, 541 S2d 801, 813-814 (La. 1989); *State v. Smith*, 387 SE2d 245, 247 (S.C. 1989); *Williams v. State*, 538 S2d 1250, 1253 (Ala. Crim. App. 1988). Texas requires the even higher standard of beyond a reasonable doubt. See *Harrell v. State*, 884 SW2d 154, 160 (Tex. Crim. App. 1994).

[4] See *Wrather v. State*, 169 SW2d 854, 858 (Tenn. 1943).

under the federal and state constitutions.

After reviewing the record in this case, I conclude that the eye-witnesses and DNA evidence linking Smith to Hubert's rape and disappearance met the clear and convincing standard. Therefore, I concur specially in the affirmance of Smith's conviction.

I am authorized to state that Chief Justice Benham and Justice Sears join in this special concurrence.

DECIDED DECEMBER 5, 1996.

*Ellis W. Peetluk,* for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.