[No. 62043-1. En Banc.]
Argued March 11, 1997.     Decided August 14, 1997.

THE STATE OF WASHINGTON, *Respondent*, v. CURTIS SCOTT BUCKNER, *Petitioner*.

*John A. Troberg*, for petitioner.
*Curtis S. Buckner*, pro se.
*John G. Wetle, Prosecuting Attorney*, for respondent.

MADSEN, J. — We granted the State's motion for reconsideration to consider whether we should adhere to our original holdings in this case following our decisions in other cases involving admissibility of DNA evidence and the recent publication of a national report addressing

statistical issues involving DNA evidence. In light of these recent developments, we conclude that our original opinion is no longer sound. Upon reconsideration, we affirm the decision of the Court of Appeals upholding Curtis S. Buckner's conviction for first degree felony murder.

The facts are recounted in our original opinion, *State v. Buckner*, 125 Wn.2d 915, 919, 890 P.2d 460 (1995), *reconsideration granted* (1996), and in the Court of Appeals opinion, *State v. Buckner*, 74 Wn. App. 889, 876 P.2d 910 (1994). As explained in our original opinion, we granted review in this case and issued an opinion without oral argument because of concerns that the proceedings in this case were inconsistent with the analysis in *State v. Cauthron*, 120 Wn.2d 879, 846 P.2d 502 (1993).

After reviewing the case, we decided that in order to conform to the analysis in *Cauthron*, statistical probability testimony had to be given in accord with the "ceiling principle" or "another statistical model proved to be accepted in the scientific community." *State v. Buckner*, 125 Wn.2d at 919. Since issuance of the per curiam opinion, however, we decided *State v. Copeland*, 130 Wn.2d 244, 922 P.2d 1304 (1996), where we held that use of the product rule without regard to artificial "ceilings" is generally accepted in the scientific community and may be used to calculate genetic profile frequencies in human populations. *See also State v. Cannon*, 130 Wn.2d 313, 922 P.2d 1293 (1996); *State v. Jones*, 130 Wn.2d 302, 922 P.2d 806 (1996).

The original opinion in this case also disapproved testimony in terms of statistical probabilities which implies or states that defendant is uniquely identified as the person in the human population who left the forensic sample. In 1993, this court accepted the proposition that an absolute identification of an individual could be made based upon DNA analysis provided that the technology exists to do so, because, except for identical twins, each individual's DNA is unique. *State v. Cauthron*, 120 Wn.2d

879, 900, 846 P.2d 502 (1993). At the time *Cauthron* was decided, we understood that this stage of technology would exist only when the entire DNA molecule could be compared to another entire DNA molecule. *Id.* It is now apparent that is not the case, as explained in the newest report of the National Research Council's Committee on DNA Forensic Science. That report, which approves use of the product rule as the court noted in *Copeland*, states: "The match probability computed in forensic analysis refers to a particular evidentiary profile. That profile might be said to be unique if it is so rare that it becomes unreasonable to suppose that a second person in the population might have the same profile." NATIONAL RESEARCH COUNCIL, COMMITTEE ON DNA FORENSIC SCIENCE: THE EVALUATION OF FORENSIC DNA EVIDENCE 136 (1996).

■ Thus, we now conclude there should be no bar to an expert giving his or her expert opinion that, based upon an exceedingly small probability of a defendant's DNA profile matching that of another in a random human population, the profile is unique. As in the case of all expert testimony, the opposing side will be able to challenge the expert's opinion and present its own experts.

The 1996 report states that as the number of DNA markers increases, smaller probabilities than that introduced at trial in this case will be introduced with growing frequency. *Id.* Contrary to our original view in this case, we now recognize that a profile probability of 1 in 20 billion or other number greater than the earth's population may be admissible, as the state of forensic DNA analysis allows for such probabilities. Indeed, exceedingly small probabilities have been introduced in recent cases. *E.g., Smith v. State*, 267 Ga. 363, 478 S.E.2d 379, 380 (Ga. 1996) (prosecution and defense experts agreed on probability of match of 1 in 100 billion); *People v. Miller*, 173 Ill. 2d 167, 670 N.E.2d 721, 727, 732, 219 Ill. Dec. 43 (1996) (no abuse of discretion in admission of expert testimony of probabilities, involving several forensic samples, of 1 in 465 million Caucasians, 1 in 1.1 trillion Caucasians, and 1 in 466 billion Caucasians,

given level of acceptance of RFLP process and use of product rule), *cert. denied*, 117 S. Ct. 1338 (1997); *Commonwealth v. Blasioli*, 454 Pa. Super. 207, 685 A.2d 151, 165-66 (1996) (1 in 10 billion probability based upon product rule admissible as it comports with acceptance of the product rule).

The two bases for our disagreement with the Court of Appeals opinion in this case are no longer sound. The product rule may be used to calculate profile frequencies, and there is nothing per se wrong with introducing a probability estimate of 1 in 19.25 billion or an expert's opinion that a profile is unique.

Accordingly, we now affirm the Court of Appeals decision upholding Buckner's conviction for first degree felony murder and remanding this case for resentencing.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.

Reconsideration denied October 6, 1997.