980 P.2d 1275 (1999)
138 Wash.2d 630
STATE of Washington, Respondent,
v.
Gregory THOMAS, Petitioner.
No. 67168-1.
Supreme Court of Washington, En banc.
Argued May 20, 1999.
Decided July 29, 1999.
James R. Dixon, Seattle, for Petitioner.
Norm Maleng, Prosecuting Attorney, and Ann Foerschler, Deputy, Seattle, for Respondent.
*1276 JOHNSON, J.
The question in this appeal is whether felony murder predicated on rape is a "sex offense" as defined under the Sentencing Reform Act of 1981, chapter 9.94A RCW, thereby precluding imposition of an exceptional sentence based on a "sexual motivation" aggravating factor. The Court of Appeals held that felony murder predicated on rape did not fall within the statutory definition of "sex offense" and affirmed the sentence.
We affirm.

FACTS
Seventy-one-year-old R.L. was found brutally bludgeoned to death in her bedroom. She had been sexually assaulted. Evidence at the scene implicated a fifteen-year-old neighbor, Gregory Thomas. He later confessed.
Thomas was charged with aggravated first degree murder, felony murder in the first degree, and attempted residential burglary. He pleaded guilty to attempted burglary but went to trial on the two murder charges. The jury failed to return a unanimous verdict on the charge of aggravated murder in the first degree, but found Thomas guilty of felony murder in the first degree. In convicting on the felony murder count, the jury unanimously found Thomas had committed each of three predicate felonies argued by the State: (1) rape in the first degree; (2) rape in the second degree; and (3) burglary in the first degree. In response to a special "sexual motivation" charge and verdict question, the jury also unanimously found the murder was committed with "sexual motivation."
Thomas' offender score on the murder conviction resulted in a standard range sentence of 250 to 333 months. The State requested an exceptional sentence of 999 months based on three aggravating circumstances: victim vulnerability due to advanced age; violation of the victim's zone of privacy; and sexual motivation. The defense requested the mandatory minimum (240 months) or a standard range sentence, arguing the defendant's capacity to appreciate the wrongfulness of his conduct was significantly impaired. Finding all three aggravating factors urged by the State, the court imposed an exceptional sentence of 999 months.
Thomas appealed his conviction and sentence on various grounds. In an unpublished opinion, the Court of Appeals affirmed. State v. Thomas, No. 38324-8-I, 1998 WL 312847 (Wash.Ct.App. June 15, 1998). We granted review solely to determine whether a felony murder conviction predicated on rape constitutes a "sex offense" for purposes of RCW 9.94A.127, thereby precluding an exceptional sentence based on a special finding of "sexual motivation."

ANALYSIS
Thomas' sole argument is that felony murder predicated on rape is a "sex offense" as defined by statute and, therefore, "sexual motivation" was an improper aggravating factor upon which to base his exceptional sentence.
"Sexual motivation" is a statutory aggravating factor that may support an exceptional sentence. RCW 9.94A.390(2)(f). Where the facts of the case justify it, the prosecutor "shall file a special allegation of sexual motivation in every criminal case other than sex offenses as defined in RCW 9.94A.030(29)(a) or (c)." RCW 9.94A.127(1) (emphasis added) (footnote omitted). Where trial is by jury, the jury shall find by special verdict whether or not the defendant committed the crime with a sexual motivation. RCW 9.94A.127(2). "This finding shall not be applied to sex offenses as defined in RCW 9.94A.030([33])(a) or (c)."[1] RCW 9.94A.127(2) (emphasis added) (footnote omitted).
The dispositive issue is whether felony murder predicated on rape falls within the statutory definition of "sex offense" under RCW 9.94A.030(33)(a). That subsection defines "sex offense" as: "A felony that is a violation of chapter 9A.44 RCW or RCW 9A.64.020 or 9.68A.090 or a felony that is, under chapter 9A.28 RCW, a criminal attempt, *1277 criminal solicitation, or criminal conspiracy to commit such crimes...."
Thomas argues felony murder is a "sex offense" for purposes of RCW 9.94A.030(33)(a) where, as here, the predicate felony is rape. According to Thomas, because rape is codified within chapter 9A.44 RCW[2] and is, therefore, a "sex offense" as defined, the felony murder conviction upon which it is predicated is necessarily also a "sex offense." Thus, pursuant to RCW 9.94A.127(2), Thomas concludes the special finding of sexual motivation may not be applied to enhance his sentence.
A plain reading of RCW 9.94A.030(33)(a) does not support Thomas' argument. While it is true that rape, because it is defined under chapter 9A.44 RCW, does fall within the statutory definition of "sex offense," the same cannot be said of felony murder. Felony murder, whatever the predicate felony may be, is a distinct crime unto itself. It is defined under chapter 9A.32 RCW. Chapter 9A.32 RCW is not one of the chapters expressly included within the statutory definition of "sex offense." Thus, under the express language of RCW 9.94A.030(33)(a), felony murder is not itself an enumerated "sex offense."
Nor are we persuaded that felony murder falls within the definition of "sex offense" simply because, under specific circumstances, the predicate felony is rape. The distinguishing characteristic of felony murder is that a death occurred in the commission of a felony; culpability derives not from the particular character of the underlying felony, but because a death occurred in the commission of it. First degree felony murder may be predicated on various underlying felonies, most of which are not sex offenses. See RCW 9A.32.030(c) (first degree felony murder may be predicated on first or second degree robbery, first or second degree rape, first degree burglary, first or second degree arson, first or second degree kidnapping). A conviction for felony murder predicated on robbery or arson, for example, would not be considered a sexual offense. Thus, it is impossible to classify felony murder per se as a "sex offense." Such a classification is entirely dependent upon the triggering facts of the underlying crime. It is this case-specific "factual" approach we recently rejected in Halgren, requiring in such cases a special finding of "sexual motivation." State v. Halgren, 137 Wash.2d 340, 349-50, 971 P.2d 512 (1999).
In short, we find the fact that the predicate felony might in certain cases meet the statutory definition of "sex offense" irrelevant to determining the issue at hand. It is the general character and legislative treatment of felony murder itself that is dispositive in the present context, not the specific character of the underlying crime. It is precisely because there is nothing inherently sexual about felony murder that it has not been included within the statutory definition of "sex offense." See RCW 9.94A.030(33)(a) (including only those crimes that are inherently sexual in nature within the definition of "sex offense"); see also RCW 71.09.020(6)(c) (defining "[s]exually violent offense" as "an act of murder in the first or second degree... which act ... at the time of sentencing... has been determined beyond a reasonable doubt to have been sexually motivated, as that term is defined in RCW 9.94A.030....") (emphasis added).
In support of his argument, Thomas cites to State v. Buckner, 74 Wash.App. 889, 876 P.2d 910 (1994), aff'd on other grounds, 133 Wash.2d 63, 941 P.2d 667 (1997). In Buckner, the question was whether felony murder predicated on rape was a "sex offense" for purposes of a "future dangerousness" aggravating factor. Buckner, 74 Wash.App. at 895-98, 876 P.2d 910. Future dangerousness is a nonstatutory aggravating factor that may be applied only to sexual offenses. Halgren, 137 Wash.2d at 346, 971 P.2d 512. Prior to Halgren, our courts of appeals had taken differing approaches to whether a particular conviction was a sex offense for purposes of the future dangerousness factor. Buckner was one of those cases.
In holding that felony murder predicated on rape was a sexual offense for purposes of future dangerousness, the Court of Appeals in Buckner specifically did not apply the *1278 "commonsense perspective" we later overruled in Halgren. Instead, the Buckner court reasoned because each element of the predicate offense must be proved to gain a conviction for felony murder, the jury necessarily found the defendant committed all the essential acts necessary for a conviction of rape. Buckner, 74 Wash.App. at 897, 876 P.2d 910. The court, therefore, concluded the defendant had committed an offense in violation of chapter 9A.44 RCW, a defined sex offense under RCW 9.94A.030. Buckner, 74 Wash.App. at 897-98, 876 P.2d 910.
Although the reasoning of Buckner was logical in the context of a "future dangerousness" aggravating factor, it is questionable whether it remains good law following our decision in Halgren. Furthermore, to apply the same reasoning in the present context would defeat the purpose of the "sexual motivation" aggravating factor. Accordingly, Buckner is overruled insofar as it holds that felony murder predicated on rape falls within the statutory definition of "sex offense."
"Only `substantial and compelling' factors other than those necessarily considered by the Legislature in computing the presumptive range of the offense will justify an extraordinary sentence." State v. Mejia, 111 Wash.2d 892, 902, 766 P.2d 454 (1989) (quoting State v. Nordby, 106 Wash.2d 514, 518, 723 P.2d 1117 (1986)). Thus, an exceptional sentence may not be based on factors inherent to the offense for which a defendant is convicted. State v. Hicks, 61 Wash.App. 923, 928, 812 P.2d 893 (1991). As we conclude above, sexual motivation is not inherent to felony murder in general. Similarly, the presumptive sentence for felony murder is not differentiated depending on whether the underlying crime is motivated by a desire for sexual gratification. See RCW 9.94A.320 (categorizing first degree murder irrespective of the underlying crime). Thus, even where the underlying crime is rape, the sexual nature of the offense is not a factor already taken into account by the Legislature in setting the presumptive sentence for felony murder. Rather, the sentence is based on the general nature of felony murder (i.e., death in the course of a felony) and is unrelated to the specific nature of the underlying crime, whether sexual or not.
The purpose of "sexual motivation" as an aggravating factor is to hold those offenders who commit sexually motivated crimes more culpable than those offenders who commit the same crimes without sexual motivation. State v. Halstien, 122 Wash.2d 109, 124, 857 P.2d 270 (1993). In the context of an offense that is inherently sexual in nature  for example, rape  the inherent sexual quality of the offense has necessarily been taken into account by the Legislature in setting the presumptive sentence. It would be redundant to require an additional finding of sexual motivation and such a finding could not apply to enhance the presumptive sentence. Accordingly, sexual motivation logically applies only to offenses that are not inherently sexual in nature, ascribing additional culpability where the facts nevertheless prove the crime was undertaken for the purpose of sexual gratification.
Under facts such as those in the present case, the "sexual motivation" aggravating factor properly applies to felony murder precisely because felony murder is not inherently a sexual offense. A special finding of "sexual motivation" makes it possible to distinguish those offenders who commit felony murder for the purpose of sexual gratification from those who commit the same crime without such motivation.
We recognize, as Thomas argues, that construing the statutory definition of "sex offense" to include felony murder where rape is the predicate felony would automatically result in additional possible consequences such as sexual offender registration, civil commitment, and treatment. However, the same result occurs with a special finding of sexual motivation. See Halgren, 137 Wash.2d at 350-51, 971 P.2d 512. The only difference is that, under Thomas' theory, a defendant would escape any sentence enhancement based on the fact-specific sexual nature of the underlying crime.
Contrary to Thomas' assertion, the fact a future dangerousness aggravating factor might support an exceptional sentence under his theory does not remedy this defect in his argument. "Sexual motivation" imposes enhanced *1279 culpability because of the sexual quality of the crime, without more. "Future dangerousness," on the other hand, protects against future harm and requires additional findings of prior sexual deviancy and lack of amenability to treatment. Thus, sexual motivation punishes more severely where the sexual nature of the crime has not already been taken into account in determining the presumptive sentence, while future dangerousness seeks to protect society where the particular defendant is not amenable to treatment. The two factors, therefore, serve entirely different purposes.

CONCLUSION
We hold felony murder predicated on rape is not a "sex offense" as defined under RCW 9.94A.030(33)(a). For purposes of clarity and uniformity, we overrule in part Buckner, 74 Wash.App. 889, 876 P.2d 910, on this issue only. Pursuant to Halgren, unless an offense is expressly enumerated within RCW 9.94A.030(33)(a), the State must allege and prove "sexual motivation" beyond a reasonable doubt. Halgren, 137 Wash.2d at 349-50, 971 P.2d 512. Here, the State did everything we asked of it in Halgren.
The sentence is affirmed.
GUY, C.J., and SMITH, MADSEN, TALMADGE, ALEXANDER, SANDERS and IRELAND, JJ., and SEINFELD, J.P.T., concurs.
NOTES
[1] The definition of "sex offense" originally appeared at RCW 9.94A.030(29). That statute has since been renumbered and the definition now appears at subsection (33). The same revision was not made to RCW 9.94A.127. See Reviser's Note at RCW 9.94A.127.
[2] First degree rape is codified at RCW 9A.44.040; second degree at .050.