MADSEN, J. (dissenting)
*1231 ¶ 24 The majority holds that the sexual motivation aggravator may be applied in this case because indecent exposure is not defined as a "sex offense" under RCW 9.94A.030(47), and sexual motivation is not inherent in the crime. Given the definition of the crime of indecent exposure, it is unimaginable that the lascivious exhibition of sexual body parts is not a sexually motivated act. I dissent and would hold that the sexual motivation aggravator may not be applied to enhance the penalty for indecent exposure because sexual motivation is inherent in the crime of indecent exposure.
Discussion
¶ 25 A court may impose a sentence above the standard range if the crime of conviction was committed with sexual motivation. RCW 9.94A.535(3)(f). The sexual motivation aggravator may not be used to enhance sentences for sex offenses defined under RCW 9.94A.030(47), or in circumstances where sexual motivation is inherent in the crime of conviction. State v. Thomas, 138 Wash.2d 630, 636, 980 P.2d 1275 (1999). While indecent exposure is not among those *740 defined as "sex offenses" under RCW 9.94A.030(47), the plain language of RCW 9.94A.030(48) and RCW 9A.88.010 demonstrate that it is inherently sexually motivated.
¶ 26 Under RCW 9.94A.030(48), " '[s]exual motivation' means that one of the purposes for which the defendant committed the crime was for the purpose of his or her sexual gratification." (Emphasis added.) Indecent exposure is the intentional act of making "any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1). This court has defined "obscene" as "a lascivious exhibition of those private parts of the person which instinctive modesty, human decency, or common propriety require shall be customarily kept covered in the presence of others." State v. Galbreath, 69 Wash.2d 664, 668, 419 P.2d 800 (1966). "In turn, 'lascivious' is defined as 'inclined to lechery : LEWD , LUSTFUL ' or 'tending to arouse sexual desire : LIBIDINOUS , SALACIOUS .' WEBSTER'S [ THIRD NEW INTERNATIONAL DICTIONARY 1274 (2002) ]." Majority at 1229. By definition, it is indisputable that one of the purposes for which a defendant commits indecent exposure is for sexual gratification.
¶ 27 The majority rejects the obvious, citing examples of indecent exposure that it says are not sexually motivated: "(1) flashing a passerby for shock value, (2) streaking naked across a school campus, or (3) mooning someone out a window." Id. at 1229. I disagree. These actions constitute the crime of indecent exposure only because they involve the lascivious exhibition of sexual body parts.
¶ 28 While sexual gratification may not be the primary purpose of those acts, as the majority notes, it is certainly one of the purposes. Indeed, the only reason "flashing a passerby" carries any shock value is because it is lascivious exhibition of sexual body parts, which tends "to arouse sexual desire." WEBSTER'S , supra , 1274. The same is true for streaking and mooning. Sexual gratification may not be the only purpose for these acts, but it is inconceivable that openly *741 exposing sexual body parts in a lascivious manner is not, at least in part, for the defendant's sexual gratification. In holding that sexual motivation is not inherent in the crime of indecent exposure, the majority appears to require that sexual motivation must be the primary purpose , rather than one of the purposes, "for which the defendant committed the crime." RCW 9.94A.030(48). This is at odds with RCW 9.94A.030(48).
¶ 29 In addition, the majority's attempt to explain the distinction between indecent exposure and crimes for which a sexual motivation aggravator may not be applied demonstrates a fundamental misunderstanding of sex crimes, which contributes to its faulty conclusion that sexual motivation is not inherent in the crime of indecent exposure. The majority says,
The exclusion of sex offenses makes sense because the purpose of creating the sexual motivation aggravator was to enhance the punishment of an offender who was sexually motivated in committing a crime that did not necessarily include sexual motivation .... When it defined sex *1232 offenses and defined the punishments for those crimes, the legislature already considered the sexual nature of these crimes.
Majority at 1232.
¶ 30 I see no difference between indecent exposure and the crimes defined as sex offenses. All of these crimes are sexual in nature. And, as with the crimes defined as sex offenses, indecent exposure can be committed for multiple purposes, including sexual gratification. See NAT'L RESEARCH COUNCIL, UNDERSTANDING VIOLENCE AGAINST WOMEN 59 (1996) ("It also has been argued that rape, in particular, represents fulfillment of sexual needs through violence [ ( LEE ELLIS , THEORIES OF RAPE : INQUIRIES INTO THE CAUSES OF SEXUAL AGGRESSION (1989) ) ], but research has found that motives of power and anger are more prominent in the rationalizations for sexual aggression than sexual desires [ (David Lisak & Susan Roth, Motives and Psychodynamics of Self-Reported, Unincarcerated Rapists, 60 AM. J. OF ORTHOPSYCHIATRY 268-80 *742 (1990); David Lisak, Subjective Assessment of Relationships with Parents by Sexually Aggressive and Nonaggressive Men, 9 J. OF INTERPERSONAL VIOLENCE 399-411 (1994) ) ]"). Indeed, violence against women, such as rape, "is widely believed to be motivated by needs to dominate women." Id. Or, "[f]or instance, the prison rapist may rape to establish himself above his victim in the prison hierarchy; by dominating his victim, he elevates his own position. He may also establish power in the prison community because, like others who share or display their rapes, he sends the message that, 'because I rape, I deserve your respect.' " Katharine K. Baker, Once A Rapist? Motivational Evidence and Relevancy in Rape Law, 110 HARV. L. REV . 563, 609 (1997).
¶ 31 Another rapist typology is the "anger rapist," who
assaults his victim completely. He attacks all parts of her body, often forces her to engage in repeated, nonsexual degrading acts, and uses much more violence than is necessary to force her into submission. "The aim of this type of rapist is to vent his rage on his victim and to retaliate for perceived wrongs or rejections he has suffered at the hands of women.... This offender displays a great deal of anger and contempt toward women."
Baker, supra, at 611 (alteration in original) (footnotes omitted) (quoting A. Nicholas Groth, Ann Wolbert Burgess & Lynda Lytle Holmstrom, Rape: Power, Anger, & Sexuality, 134 AM. J. PSYCHIATRY , 1239, 1241(1977) and citing A. NICHOLAS GROTH & H. JEAN BIRNBAUM, MEN WHO RAPE : THE PSYCHOLOGY OF THE OFFENDER 44 (1979) ).
¶ 32 Similar to the examples of indecent exposure that the majority says are not sexually motivated, rape is often not primarily motivated by the defendant's desire for sexual gratification. Rather, the sexual conduct involved in these crimes is a mechanism to achieve a different goal. That goal may be power, dominance, or aggression, which is achieved through sexual conduct. In instances of indecent exposure, that goal may be "shock value," as the majority suggests, *743 but, as with other sex crimes, one of the purposes of indecent exposure is the defendant's sexual gratification.
¶ 33 I would hold that the sexual motivation aggravator may not be applied to enhance the sentence for indecent exposure, as sexual motivation is inherent in the crime. Accordingly, I respectfully dissent.
Gordon McCloud, J.